1  MARCOS D. SASSO (SBN 228905)
   sassom@ballardspahr.com
2  **BALLARD SPAHR LLP**
   2029 Century Park East, Suite 800
3  Los Angeles, CA  90067-2909
   Telephone: 424.204.4400
4  Facsimile: 424.204.4350

5  Attorneys for Defendant
    BRIDGECREST CREDIT
6    COMPANY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHOLINE FERNANDEZ and RONALD FERNANDEZ, on behalf of themselves and members of the general public,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRIDGECREST CREDIT COMPANY, LLC, an Arizona limited liability company; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendant. | CASE NO.  5:19-cv-0877<br><br>**NOTICE OF REMOVAL**<br><br>(Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) – Diversity) |

DMEAST #37403902 v4

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1332(a)(1), 1441(a), and 1446, defendant Bridgecrest Credit Company, LLC ("Bridgecrest") hereby removes the action entitled *Antholine Fernandez and Ronald Fernandez v. Bridgecrest Credit Company, LLC*, Superior Court of the State of California for the County of San Bernardino, Case No. CIV DS 1910203 (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1.  <u>Removal Is Timely</u>.  The Complaint was served on April 9, 2019. Bridgecrest has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it has filed it within 30 days of receipt and service of the Complaint, and within one year after "commencement of the action" in state court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings in the Action and received by Bridgecrest are attached as **Exhibit A**.

2.  <u>This Court Has Removal Jurisdiction Over This Action</u>.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) based upon the allegations in the Complaint, and the Action is one that Bridgecrest may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

3. <u>Diversity of Citizenship</u>. Plaintiffs allege to be residents of San Bernardino County and citizens of California. Compl., ¶ 10. For purposes of diversity jurisdiction, Plaintiffs are citizens of California.

4. Bridgecrest is an Arizona limited liability corporation with its principal place of business in Mesa, Arizona. Compl., ¶ 11. The citizenship of a limited liability company ("LLC") is based on the citizenship of all of its members in the LLC. See <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006); <u>Platoon Invs., LLC v. Zapata</u>, 2014 WL 12695570, *1 (C.D. Cal. Feb. 14, 2014, No. CV 14-477-GW (MANx) (quoting <u>Johnson</u>).

5. Here, Bridgecrest is a wholly-owned subsidiary of Bridgecrest Acceptance Corporation, making it the sole "member" of Bridgecrest. Bridgecrest Acceptance Corporation is incorporated in Arizona with its principal place of business in Tempe, Arizona. Because Bridgecrest Acceptance Corporation is a citizen of Arizona (where it is incorporated and where it has its principal place of business), the citizenship of Bridgecrest is Arizona for purposes of diversity.

6. <u>Amount in Controversy</u>. When the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount. <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007); <u>Lewis v. Verizon Communs., Inc.</u>, 627 F.3d 395, 397 (9th Cir. 2010). "Under the burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." See <u>Gulielmino</u>, 506 F.3d at 699 (internal quotations and citation omitted). The amount in controversy is the "amount at stake in the underlying litigation." <u>Gonzales v. CarMax Auto Superstores, LLC</u>, 840 F.3d 644, 648 (9th Cir. 2016) (quoting <u>Theis Research, Inc. v. Brown & Bain</u>, 400 F.3d 659, 662 (9th Cir. 2005)). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." <u>Id.</u> (quoting <u>Guglielmino v.</u>

McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007)).  Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.  See id. at 648-49.

7. Importantly, in demonstrating that the amount in controversy is satisfied, Bridgecrest does not concede liability or that Plaintiffs are entitled to any amount or recovery.  See, e.g., Lewis v. Verizon Commc'n, Inc., 627 F. 3d 395, 400 (9th Cir. 2010) (holding that in establishing "jurisdictional amount, [the moving party] need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking [the moving party] to admit that at least $5 million of the billings were 'unauthorized' within the meaning of the complaint.").

8. At this time, based upon the allegations in the Complaint, Plaintiffs contends that the amount in controversy exceeds $75,000.  In the Complaint, Plaintiffs assert claims for violations of:  (1) California's Rees-Levering Automobile Sales Finance Act; (2) the California Commercial Code; (3) California's Rosenthal Fair Debt Collection Practices Act; (4) California's Consumer Credit Reporting Agencies Act; and (5) California's Unfair Competition Law.  Compl. ¶¶ 14-56.  Plaintiffs allege that, after purchasing a vehicle in February 2015, Plaintiffs defaulted on their payments and, as a result, Bridgecrest repossessed the vehicle on April 10, 2018.  Id. ¶ 1-2.  Thereafter, Bridgecrest issued a Notice of Intention to Dispose and Our Plan to Sell Property (the "Statutory Notice") to Plaintiffs.  Id.  Plaintiffs allege that the Statutory Notice is deficient and violates the requirements of Rees-Levering and the Commercial Code.  Id. ¶ 4.  Plaintiffs further allege that after repossession of the vehicle, Bridgecrest sold the vehicle at auction and issued a Calculation of Surplus or Deficiency ("Explanation") to Plaintiffs, requesting that Plaintiffs pay a deficiency

balance of $12,379.29.  Id. ¶¶ 7-8.  Plaintiffs allege that the Explanation violates certain requirements of the Commercial Code.  Id.

9. Based on the alleged deficiencies with the Statutory Notice and the Explanation (which Bridgecrest denies), Plaintiffs allege, among other things, that Bridgecrest is barred from collecting any deficiency balance (id. ¶ 4(i)), and Plaintiffs allege that Bridgecrest has allegedly "falsely reported, and continues to report, to credit reporting agencies that plaintiffs owe a deficiency balance of at least that amount on a charged off account, when in fact they do not owe a deficiency balance because of Bridgecrest's defective Statutory Notice."  Id. ¶ 8.  Based on the foregoing allegations, Plaintiffs seek (1) actual, statutory and punitive damages, (2) as to Plaintiff Ronald Fernandez, "trebling of the penalties or remedies afforded by Commercial Code § 9625, the Rosenthal Act and Civil Code § 1785.31(a)(1)(B)," (3) injunctive relief, (4) attorneys' fees, and (5) such other relief as the Court may deem just and proper.  Compl., Prayer for Relief ¶¶ 1-10.

10. At this time, and based solely upon the following allegations in the Complaint (which Bridgecrest expressly does not concede and, in fact, Bridgecrest denies that Plaintiffs are entitled to any relief and/or that the amounts sought are accurate), it is more likely than not that, as pleaded in the Complaint, the amount in controversy exceeds $75,000:

    A. With respect to Rees-Levering, Plaintiffs seek actual damages, attorneys' fees and an order precluding Bridgecrest from seeking to collect the deficiency balance of at least $12,379.29.  Compl. ¶ 16-19.

    B. With respect to the alleged violations of the Commercial Code, Plaintiffs seek actual damages plus $500 each, pursuant to Commercial Code § 9625.  Id. ¶ 24.  In addition, as to Plaintiff Fernandez, Plaintiffs seek "an amount up to three times greater than the amount authorized by Commercial Code § 9625," i.e., actual damages plus up to $1,500.  Id. ¶ 25.

|   |   |   |
|---|---|---|
| C. | | With respect to the Rosenthal Act, Plaintiffs seek actual damages plus statutory damages of up to $1,000 each, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b). Id. ¶¶ 35-36. In addition, as to Plaintiff Fernandez, Plaintiffs seek "an amount up to three times greater than the amount" of statutory damages authorized under the Rosenthal Act, or up to $3,000. Id. ¶ 37. Plaintiffs also seek attorneys' fees according to statute. Id. ¶ 38. |
| D. | | With respect to the Consumer Credit Reporting Agencies Act ("CCRAA"), Plaintiffs seek actual damages plus "punitive damages of up to $5,000 for each month of unlawful credit reporting, under Civil Code § 1785.31(a)(1)(B)." Id. ¶¶ 41-43. In support, Plaintiffs allege that Bridgecrest "knew that plaintiffs owed no deficiency balance" but "continued reporting a charge-off and deficiency balance to the credit reporting agencies, each and every month after the sale of plaintiffs' vehicle." Id. ¶ 40. Based on the allegations of the Complaint and the Explanation (which is an exhibit to the Complaint), the vehicle was sold on or about May 9, 2018. Id. 7 & Ex. 2. Accordingly, as alleged by Plaintiffs, purportedly inaccurate information has been reported each month from May 2018 to the present, i.e., twelve months. Thus, based on the Complaint's allegations, Plaintiffs purport to seek up to $60,000 each in "punitive damages" under the CCRAA (12 months x $5,000 per month, per Civil Code § 1785.31(a)(1)(B)). In addition, as to Plaintiff Fernandez, Plaintiffs seek "an amount up to three times greater than the amount authorized by Civil Code § 1785.31(a)(1)(B)," or up to $180,000, based on the allegations of the Complaint. Id. ¶ 44. Plaintiffs also |

seek an order declaring they are not responsible for the deficiency balance and attorneys' fees according to statute. <u>Id.</u> ¶¶ 45-47.

11. As demonstrated herein, it is more likely than not based on the allegations of the Complaint that each Plaintiff purports to seek an amount in controversy that exceeds $75,000. <u>See, e.g.</u>, <u>Budget Rent-A-Car v. Higashiguchi</u>, 109 F.3d 1471, 1474 (9th Cir. 1997) (plaintiff may aggregate multiple claims to reach jurisdictional threshold for the amount in controversy); <u>see also</u> <u>Smith v. Integrow Malt, LLC</u>, No. CV-19-44-M-DLC-JCL, 2019 U.S. Dist. LEXIS 44941, *5 (D. Mont. Mar. 19, 2019) ("A plaintiff may reach the jurisdictional amount as to an individual defendant by aggregating the amounts allegedly due on multiple claims advanced against that one defendant."). Thus, the amount in controversy is satisfied based solely upon Plaintiffs' allegations in the Complaint and removal is proper.

12. <u>Proper Jurisdiction</u>. This Court is the proper district court for removal because the Superior Court of the State of California for the County of Los Angeles is located within the United States District Court for the Central District of California.

13. <u>Notice Has Been Effected</u>. Bridgecrest concurrently is filing a copy of this Notice of Removal of Action with the Superior Court of the State of California for the County of San Bernardino. Bridgecrest will concurrently serve Plaintiffs with copies of this Notice of Removal and the Notice filed in the Action.

Dated: May 9, 2019

BALLARD SPAHR, LLP
MARCOS D. SASSO

By: */s/ Marcos D. Sasso*
　　Marcos D. Sasso

Attorneys for Defendant
　BRIDGECREST CREDIT
　COMPANY LLC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909.

On **May 9, 2019**, I served the document(s) entitled: **NOTICE OF REMOVAL** on the interested parties in this action by placing a true and correct copy of the document thereof, enclosed in a sealed envelope as follows:

| | |
|---|---|
| TRUEBLOOD LAW FIRM<br>Alexander B. Trueblood<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024 | *Attorneys for Plaintiffs*<br>Antholine Fernandez<br>Ronald Fernandez |

LAW OFFICES OF BRANDON A. BLOCK
Brandon A. Block
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210

☑ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY HAND**: by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY PERSONAL DELIVERY**: by causing personal delivery by First Legal Network of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 9, 2019**, at Los Angeles, California.

Shari L. Green