# EXHIBIT 1

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL) BY FAX

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
BRIDGECREST CREDIT COMPANY, LLC, an Arizona limited liability company;
and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHOLINE FERNANDEZ and RONALD FERNANDEZ, on behalf of
themselves and members of the general public

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 0 4 2019

BY _Daniela Vargas_
DANIELA VARGAS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of San Bernardino<br>247 West 3rd Street, San Bernardino, CA 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIV DS 1 9 1 0 2 0 3 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon A. Block, LAW OFFICES OF BRANDON A. BLOCK, APC
433 North Camden Drive, Suite 600, Beverly Hills, CA 90210, Tel: 310.887.1440

| DATE:<br>*(Fecha)* APR 0 4 2019 | Clerk, by Daniela Vargas<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Bridgecrest Credit Company, LLC**
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF BRANDON A. BLOCK, A PROFESSIONAL CORPORATION<br>BRANDON A. BLOCK (State Bar No. 215888)<br>433 North Camden Drive, Suite 600<br>Beverly Hills, California 90210 | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |

TELEPHONE NO.: 310.887.1440    FAX NO.: 310.496.1420
ATTORNEY FOR (Name): Plaintiffs ANTHOLINE & RONALD FERNANDEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

APR 0 4 2019

BY _Daniela Vargas_
DANIELA VARGAS, DEPUTY

CASE NAME:
FERNANDEZ, et al. v. BRIDGECREST CREDIT COMPANY, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV DS 1 9 1 0 2 0 3**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): Five
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: April 4, 2019
Brandon A. Block
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

COPY

1   TRUEBLOOD LAW FIRM
    ALEXANDER B. TRUEBLOOD (Cal Bar No. 150897)
2   alec@hush.com
    10940 Wilshire Boulevard, Suite 1600
3   Los Angeles, California 90024
    Telephone: 310.443.4139
4   Facsimile: 310.943.2255

5   LAW OFFICES OF BRANDON A. BLOCK
    A PROFESSIONAL CORPORATION
6   BRANDON A. BLOCK (Cal Bar No. 215888)
    brandon@bblocklaw.com
7   433 North Camden Drive, Suite 600
    Beverly Hills, California 90210
8   Telephone: 310.887.1440
    Facsimile: 310.496.1420

9
    Attorneys for Plaintiffs
10  ANTHOLINE FERNANDEZ and RONALD FERNANDEZ, on behalf of
    themselves and members of the general public

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF SAN BERNARDINO

13

14  ANTHOLINE FERNANDEZ and          CASE NO. CIV DS 1 9 1 0 2 0 3
    RONALD FERNANDEZ, on behalf of
15  themselves and members of the general   COMPLAINT FOR DAMAGES AND
    public,                          INJUNCTIVE RELIEF FOR:
16
              Plaintiffs,            1.  VIOLATIONS OF THE REES-
17                                       LEVERING AUTOMOBILE SALES
         vs.                             FINANCE ACT;
18                                   2.  VIOLATIONS OF THE COMMERCIAL
    BRIDGECREST CREDIT COMPANY,          CODE;
19  LLC, an Arizona limited liability company;  3.  VIOLATIONS OF THE ROSENTHAL
    and DOES 1 through 25, inclusive,        FAIR DEBT COLLECTION
20                                       PRACTICES ACT;
              Defendants.            4.  VIOLATIONS OF THE CONSUMER
21                                       CREDIT REPORTING AGENCIES
                                         ACT; AND
22                                   5.  VIOLATIONS OF THE UNFAIR
                                         COMPETITION LAW
23
                                     JURY TRIAL DEMANDED
24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 0 4 2019

BY _____
DANIELA VARGAS, DEPUTY

BY FAX

1     Plaintiffs Antholine Fernandez and Ronald Fernandez, on behalf of themselves and

2 members of the general public, allege against defendants Bridgecrest Credit Company, LLC

3 ("Bridgecrest") and Does 1 through 25 as follows:

4                                   **OPERATIVE FACTS**

5     1.    In February 2015, plaintiffs purchased a used 2008 Scion xB for personal, family or

6 household purposes from a car dealership in Montclair, California pursuant to a conditional sale

7 contract, as defined and regulated by the Rees-Levering Automobile Sales Finance Act, Cal. Civ.

8 Code §§ 2981, et seq. ("Rees-Levering Act"). The dealership assigned plaintiffs' contract to

9 Bridgecrest.

10     2.    Bridgecrest repossessed plaintiffs' vehicle on April 10, 2018, based on an alleged

11 payment default under their contract. Thereafter, Bridgecrest issued a Notice of Intention to

12 Dispose and Our Plan to Sell Property ("Statutory Notice") to plaintiffs, a copy of which is

13 attached hereto as Exhibit 1.

14     3.    The Rees-Levering Act imposes mandatory and strict requirements upon holders of

15 contracts, such as Bridgecrest, following repossession or voluntary surrender of vehicles. In

16 particular, the Rees-Levering Act requires the seller or holder to issue a detailed written notice of

17 intention to dispose of a vehicle (i.e., a Statutory Notice) to a buyer following repossession or

18 surrender of his or her vehicle. Civil Code § 2983.2 specifies the precise information and

19 disclosures that must be included in the Statutory Notice in order to comply with the law. Absent

20 strict compliance with the mandatory requirements for a Statutory Notice and Division 9 of the

21 California Commercial Code, Cal. Comm. Code §§ 9101, et seq., a seller or holder of a conditional

22 sale contract may not collect a deficiency from any person liable under a contract following

23 disposition of a repossessed or surrendered vehicle. See Cal. Civ. Code §§ 2983.2(a) and 2983.8.

24     4.    The Statutory Notice that Bridgecrest issued to plaintiffs was defective and violated

25 the Rees-Levering Act and Division 9 of the Commercial Code in at least the following ways:

26        a.    In violation of Civil Code § 2983.2(a)(2), the Statutory Notice failed to

27 disclose the scheduled installment payments coming due during the reinstatement period,

28 including their amounts, the dates they would be due, the amount of any possible late charges

1    thereon, and when the late charges would accrue. The Statutory Notice stated in the reinstatement

2    section that "any regularly scheduled installments that you have not paid are still owed by you to

3    us but you are not required to pay them to reinstate your account." Since they still had to be paid at

4    an unspecified later time, the payments were in fact a condition of plaintiffs exercising their

5    statutory right of reinstatement. Defendants unlawfully failed to disclose the amounts of the

6    payments, the new due date of the payments, and the amount and accrual date of any late charges.

7            b.      In violation of Civil Code § 2983.2(a)(2), the Statutory Notice falsely stated

8    that plaintiffs had to pay approximately $1,200 in "Unpaid Interest". However, whereas here, the

9    default is the result of the buyer's failure to make any payment due under the contract, the seller or

10   holder of the contract can require the buyer or any other person liable on the contract only to make

11   the defaulted payments and pay any applicable delinquency charges in order to reinstate the

12   contract, see Cal. Civ. Code § 2983.3(d), and unpaid interest is neither a defaulted payment nor an

13   applicable delinquency charge.

14           c.      In violation of Civil Code § 2983.2(a)(3), the Statutory Notice did not

15   include the proper form for requesting an extension of the reinstatement and redemption periods

16   because it was not limited to the extension request, and spaces for plaintiffs to sign and date the

17   form. The form in the Statutory Notice improperly required plaintiffs to print or type their names,

18   in two separate locations. In further violation of Civil Code § 2983.2(a)(3), the extension form in

19   the Statutory Notice failed to designate a physical address where the written request for an

20   extension could be personally served. The extension form provided a P.O. Box address only, at

21   which plaintiffs could not personally serve the form.

22           d.      In violation of Civil Code § 2983.2(a)(4), the Statutory Notice failed to

23   disclose the place at which plaintiffs' vehicle would have been returned to them, had they

24   reinstated the contract or redeemed the vehicle prior to its transfer to the auto auction. The

25   Statutory Notice stated that plaintiffs vehicle would be returned to them at Manheim Nevada in

26   North Las Vegas, Nevada, but plaintiffs confirmed, as late as April 16, 2018, that their vehicle still

27   was located at Eagle Adjusters in Ontario, California, which was where the vehicle would have

28

1 | been returned to plaintiffs had they reinstated their contract or redeemed their vehicle on or prior
2 | to that date.

3 |         e.      In violation of Civil Code § 2983.2(a)(5), the Statutory Notice failed to
4 | provide the address for payment of the mandatory law enforcement fee plaintiffs had to pay in
5 | order to obtain possession of their vehicle, after reinstatement or redemption. See Cal. Gov. Code
6 | § 26751. The Statutory Notice provided only the name of the law enforcement agency.

7 |         f.      In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory
8 | Notice failed to disclose the name and address for Eagle Adjusters, and the storage fees or charges
9 | plaintiffs had to pay to Eagle Adjusters, if plaintiffs reinstated their contract or redeemed the
10 | vehicle while it was in Eagle Adjusters possession.

11 |         g.      In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory
12 | Notice failed to disclose multiple repossession fees and charges payable by plaintiffs to the auto
13 | auction (Manheim Nevada) to obtain possession of their vehicle, if plaintiffs reinstated their
14 | contract or redeemed the vehicle while it was in Manheim Nevada's possession. Those fees and
15 | charges included some or all of the following: storage fees, transfer/transportation fees,
16 | reconditioning fees, an administrative sale fee, DMV printout fee, mechanical work charges, and a
17 | general administration fee.

18 |         h.      In violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5), the Statutory
19 | Notice failed to disclose that plaintiffs would have to pay fees for the transfer of their vehicle to
20 | auction, including the accrual date, amount and payee of those fees.

21 |         i.      In violation of Commercial Code § 9614, the Statutory Notice failed to
22 | describe the secured party. The Statutory Notice only stated "Bridgecrest". Accordingly,
23 | Bridgecrest is barred from collecting a deficiency balance by operation of Civil Code § 2983.8 and
24 | Commercial Code § 9626.

25 |      5.      After the repossession, plaintiff Antholine Fernandez spoke by telephone several
26 | times with Bridgecrest and was told, as late as April 16, 2018, that plaintiffs could pay $1,501 by
27 | April 18, 2018 to reinstate their contract, and that plaintiffs could obtain possession of their
28 | vehicle at Eagle Adjusters in Ontario. On April 17, 2018, Antholine telephoned Eagle Recovery to

1  confirm that plaintiffs would be retrieving their vehicle the following day, after paying the

2  reinstatement amount to Bridgecrest. Eagle Recovery, however, informed Antholine that

3  plaintiffs' vehicle had already been transferred to another location for auction.

4        6.     After speaking with Eagle Recovery on April 17, 2018, Antholine telephoned

5  Bridgecrest and was told by a Bridgecrest supervisor that the reinstatement amount had increased

6  to $1,849 plus $410 in transfer fees, and that plaintiffs, at their own expense, would have to pick

7  up their vehicle in Las Vegas, Nevada, where the auction was located, after paying $2,259 to

8  reinstate their contract. Plaintiffs could not afford to pay the reinstatement amount and the costs of

9  travel to Las Vegas to retrieve their vehicle. Plaintiffs' vehicle thereafter was sold at auction in Las

10  Vegas.

11        7.     On or about May 9, 2018, after the auction sale of plaintiffs' vehicle, Bridgecrest

12  issued a Calculation of Surplus or Deficiency ("Explanation") to plaintiffs, a copy of which is

13  attached hereto as Exhibit 2. The Explanation violated the Commercial Code, at § 9616, in that it

14  failed to state (1) the amount and types of all expenses for retaking, holding, preparing for

15  disposition, processing, and disposing of the collateral, (2) the amounts and types of all credits to

16  which plaintiffs were known to be entitled, including two rebates due to plaintiffs for Bridgecrest's

17  cancellation of GAP insurance and a service contract.

18        8.     The Explanation demanded that plaintiffs pay a deficiency balance of $12,379.29.

19  Plaintiffs are informed and believe, and based thereon allege, that Bridgecrest has falsely reported,

20  and continues to falsely report, to credit reporting agencies that plaintiffs owe a deficiency balance

21  of at least that amount on a charged off account, when in fact they do not owe a deficiency balance

22  because of Bridgecrest's defective Statutory Notice.

23        9.     Plaintiffs are informed and believe, and based thereon allege, that the Statutory

24  Notice Bridgecrest issued to plaintiffs is a standard form notice which Bridgecrest has issued to

25  members of the general public of California within the last four years. Plaintiffs are further

26  informed and believe, and based thereon allege, that, as a general business practice, Bridgecrest

27  has been transferring repossessed or surrendered vehicles of California consumers to Las Vegas,

28  Nevada, for auction sale, which effectively deprives consumers of their statutory rights of

1  reinstatement or redemption, because traveling long distance to reclaim a repossessed vehicle in

2  Las Vegas is too time consuming and/or cost-prohibitive for California consumers. Plaintiffs are

3  further informed and believe, and based thereon allege, that, within the last four years, Bridgecrest

4  has falsely reported alleged deficiency balances of members of the general public to credit

5  reporting agencies as past due debts, even though defendants knew or should have known that

6  collection of any such amounts was and is unlawful, due to the defective Statutory Notices.

7  Plaintiffs thus bring this case in their capacity as private attorney generals, to obtain a public

8  injunction enjoining defendants from collecting or attempting to collect any deficiency balances

9  from the Bridgecrest borrowers who were issued a defective Statutory Notice, from making any

10  credit reporting of a deficiency balance on the accounts of the affected California customers of

11  Bridgecrest, and from transferring vehicles repossessed or surrendered in California to Las Vegas,

12  Nevada for auction sale, unless Bridgecrest undertakes the expense of redelivering vehicles back

13  to California for those customers who reinstate their contracts or redeem their vehicles.

14                                        **PARTIES**

15        10.    Plaintiffs are individuals over the age of 18, residents of San Bernardino County

16  and citizens of California. At all times relevant, plaintiff Ronald Fernandez has been and is a

17  "disabled person" as defined in Civil Code § 1761(g).

18        11.    Defendant Bridgecrest is an Arizona limited liability company with its principal

19  place of business in Mesa, Arizona. Bridgecrest is engaged in the business of providing financing

20  to purchasers of motor vehicles under conditional sales contracts and/or servicing such contracts.

21  Bridgecrest does regular and continuous business in California.

22        12.    Defendants Does 1 through 25 are persons or entities whose true names and

23  capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious

24  names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts

25  alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and

26  severally liable to plaintiffs. Plaintiffs will seek leave of court to amend this complaint to state the

27  true names and capacities of such fictitiously named defendants when ascertained.

28

1    13.    At all times mentioned herein, defendants were agents and/or employees of each

2    other and were acting within the course and scope of such agency or employment. Defendants are

3    jointly and severally liable to plaintiffs.

4    **FIRST CAUSE OF ACTION**

5    **(By Plaintiffs, Individually, Against All Defendants for Violations of the Rees-Levering Act)**

6    14.    Plaintiffs reallege and incorporate herein by reference the allegations of all

7    paragraphs above.

8    15.    As alleged herein, the Rees-Levering Act regulates automobile sale and financing

9    transactions for motor vehicles purchased primarily for personal or family purposes. The

10   conditional sale contract entered into by plaintiffs is subject to and governed by the provisions of

11   the Rees-Levering Act. Each of the defendants is or was a "seller" or "holder" of the contract, as

12   those terms are used in the statute.

13   16.    Defendants violated the Rees-Levering Act in that the Statutory Notice provided to

14   plaintiffs, ostensibly pursuant to Civil Code § 2983.2, did not contain the disclosures and

15   information required by Civil Code § 2983.2(a). Defendants thus deprived plaintiffs of substantial

16   rights granted to them under the Rees-Levering Act, including the right to make an informed

17   decision about whether to reinstate their contract or redeem their vehicle. Plaintiffs are not liable

18   under the explicit terms of Civil Code §§ 2983.2(a) and 2983.8 for any deficiency following the

19   disposition of their repossessed motor vehicle. Nevertheless, without any legal right to do so,

20   defendants have demanded that plaintiffs owe them a deficiency balance, as alleged herein.

21   17.    By transferring plaintiffs' and other customers' vehicles to Nevada for auction, and

22   requiring that customers who wish to reinstate their contracts or redeem their vehicles travel at

23   their own expense to Nevada to pick up the vehicle after reinstatement or redemption, defendants

24   effectively deprived plaintiffs and other borrowers of their statutory right to reinstate granted by

25   Civil Code § 2983.3(b). Defendants also violated Civil Code § 2983.3(d), which provides that

26   consumers may reinstate their contracts by curing the appropriate default and paying any actual

27   and necessary repossession expenses, and are not required to undertake long-distance travel in

28   order to reinstate or redeem.

18.    As a direct and proximate result of defendants' violations of the Rees-Levering Act, plaintiffs have suffered actual damages in an amount to be proven at trial.

19.    Plaintiffs seek recovery of their attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiffs, Individually, Against All Defendants for Violations of the Commercial Code)**

20.    Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

21.    As alleged herein, defendants' Statutory Notice violated Commercial Code § 9614, by failing to describe the secured party. Accordingly, defendants are barred from collecting a deficiency balance by operation of Commercial Code § 9626.

22.    As further alleged herein, defendants' Explanation violated Commercial Code § 9616. Defendants' failure to comply with § 9616 was part of a pattern, or consistent with a practice, of noncompliance.

23.    As a direct and proximate result of defendants' violations of the Commercial Code, plaintiffs have suffered actual damages in an amount to be proven at trial.

24.    Pursuant to Commercial Code § 9625, plaintiffs are entitled to recover their actual damages plus $500 each, based on defendants' violations of Commercial Code § 9616.

25.    Defendants knew or should have known that their conduct was directed to a disabled person, plaintiff Ronald Fernandez. Defendants' conduct also cause a disabled person, plaintiff Ronald Fernandez, to suffer a substantial loss of property set aside for personal or family care and maintenance, or assets essential to plaintiff Ronald Fernandez's health or welfare. Plaintiff Ronald Fernandez thus is entitled to recover an amount up to three times greater than the amount authorized by Commercial Code § 9625.

26.    Plaintiffs seek recovery of their attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action, pursuant to the contract and Civil Code § 1717.

WHEREFORE, plaintiffs pray for relief as set forth below.

COMPLAINT

**THIRD CAUSE OF ACTION**

**(By Plaintiffs, Individually, Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act)**

27.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

28.     The Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id., § 1788.1(b).

29.     Plaintiffs are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" (i.e., money, property or their equivalent) alleged to be due and owing. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt". The purported debt defendants attempted to collect from plaintiffs is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and owing to Bridgecrest, by reason of a consumer credit transaction entered into with plaintiffs.

30.     Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal Act collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Section 1788.17 further provides that debt collectors subject to the Rosenthal Act are subject to the remedies in § 1692k of the FDCPA.

31.     Defendants made false representations to plaintiffs that they owed a debt, and the amount and legal status of the alleged debt, by sending plaintiffs a demand letter in which

1    defendants stated that plaintiffs owed a deficiency balance, and which demanded payment on a

2    non-existent deficiency balance. Defendants' conduct violated 15 U.S.C. § 1692e, including

3    § 1692e(2), incorporated into the Rosenthal Act by Civil Code § 1788.17.

4            32.    Defendants engaged in unfair or unconscionable conduct prohibited by 15 U.S.C.

5    § 1692f, thereby violating Civil Code § 1788.17.

6            33.    Defendants violated Civil Code § 1788.10(a) by using criminal means to cause

7    harm to the property of plaintiffs. Defendants committed a misdemeanor, as set forth at Civil Code

8    § 2983.6, when they willfully failed to provide plaintiff with proper statutory written notice under

9    Civil Code § 2983.2(a), and required plaintiffs to travel to Las Vegas to pick up their vehicle in

10   violation of Civil Code § 2983.3.

11           34.    As a proximate result of defendants' violations of the Rosenthal Act, plaintiffs have

12   been damaged in amounts that are subject to proof.

13           35.    Plaintiffs are entitled to recover their actual damages pursuant to Civil Code

14   § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code

15   § 1788.30(a).

16           36.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs

17   are entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by

18   reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

19           37.    Defendants knew or should have known that their conduct was directed to a

20   disabled person, plaintiff Ronald Fernandez. Defendants' conduct also cause a disabled person,

21   plaintiff Ronald Fernandez, to suffer a substantial loss of property set aside for personal or family

22   care and maintenance, or assets essential to plaintiff Ronald Fernandez's health or welfare.

23   Plaintiff Ronald Fernandez thus is entitled to recover an amount up to three times greater than the

24   amount authorized by Civil Code § 1788.17, incorporating by reference 15 U.S.C.

25   § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

26           38.    Plaintiffs are entitled to recover their attorney's fees and costs pursuant to Civil

27   Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil

28   Code § 1788.30(c).

1    WHEREFORE, plaintiffs pray for relief as set forth below.

2    **FOURTH CAUSE OF ACTION**

3    **(By Plaintiffs, Individually, Against All Defendants for Violations of the Consumer Credit**

4    **Reporting Agencies Act, Civil Code § 1785.25(a))**

5    39.    Plaintiffs reallege and incorporate herein by reference the allegations of all

6    paragraphs above.

7    40.    Defendants violated Civil Code § 1785.25(a) by furnishing information on a

8    specific transaction or experience to a consumer credit reporting agency when they knew or should

9    have known that such information was incomplete or inaccurate. Defendants knew that plaintiffs

10   owed no deficiency balance on their account, due to defendants' violations of the Rees-Levering

11   Act. However, as to plaintiffs, defendants continued reporting a charge-off and a deficiency

12   balance to the credit reporting agencies, each and every month after the sale of plaintiffs' vehicle.

13   41.    Plaintiffs have suffered actual damages as a result of defendants' unlawful acts.

14   42.    Defendants' violations of the Consumer Credit Reporting Agencies Act were

15   negligent, entitling plaintiffs to recover actual damages pursuant to Civil Code § 1785.31.

16   43.    Defendants' violations of the Consumer Credit Reporting Agencies Act were

17   willful, entitling plaintiffs to recover punitive damages of up to $5,000 for each month of unlawful

18   credit reporting, under Civil Code § 1785.31(a)(1)(B).

19   44.    Defendants knew or should have known that their conduct was directed to a

20   disabled person, plaintiff Ronald Fernandez. Defendants' conduct also cause a disabled person,

21   plaintiff Ronald Fernandez, to suffer a substantial loss of property set aside for personal or family

22   care and maintenance, or assets essential to plaintiff Ronald Fernandez's health or welfare.

23   Plaintiff Ronald Fernandez thus is entitled to recover an amount up to three times greater than the

24   amount authorized by Civil Code § 1785.31(a)(1)(B).

25   45.    Plaintiffs are entitled to any other relief the court deems proper, including a

26   declaration that they do not owe any debt, pursuant to Civil Code § 1785.31(a)(2)(C).

27   46.    Plaintiffs have been aggrieved by defendants' violations described herein, and seek

28   injunctive relief pursuant to Civil Code § 1785.31(b) commanding defendants to permanently

1  delete their credit reporting tradeline from plaintiffs' credit reports.

2     47.    Plaintiffs are entitled to an award of their attorney's fees and costs pursuant to Civil

3  Code § 1785.31(d).

4        WHEREFORE, plaintiffs pray for relief as set forth below.

5                          **FIFTH CAUSE OF ACTION**

6  **(By Plaintiffs, On Behalf of Themselves And The General Public, Against All Defendants for**

7                **Violations of California's Unfair Competition Law)**

8     48.    Plaintiffs reallege and incorporate herein by reference the allegations of all

9  paragraphs above.

10    49.    California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

11  ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or

12  practice. The UCL provides that a court may order injunctive relief to affected members of the

13  general public as remedies for any violations of the UCL.

14    50.    Beginning on an exact date unknown to plaintiffs, but at all times relevant herein,

15  defendants have committed acts of unfair competition proscribed by the UCL, including the

16  practices alleged herein. The acts of unfair competition include the following:

17        a.    Defendants violated the provisions of Civil Code § 2983.2(a) by failing to

18  send members of the class Statutory Notices in compliance with this section;

19        b.    Defendants violated the provisions of Division 9 of the Commercial Code,

20  in their Statutory Notices and their post-sale notices to members of the general public;

21        c.    Defendants essentially denied members of the general public the statutory

22  rights of reinstatement and redemption, in violation of Civil Code § 2983.3, by transferring their

23  vehicles to auction in Las Vegas, Nevada, after repossession or surrender of the vehicles, and

24  requiring consumers to bear the cost of picking up the vehicle;

25        d.    Defendants negligently and/or fraudulently misrepresented orally and in

26  writing to members of the general public that they are obligated to pay deficiency balances;

27        e.    Defendants actively concealed their unlawful activity from members of the

28  general public;

f.      Defendants unlawfully, unfairly and/or fraudulently carried on their account records deficiency balances of members of the general public as amounts lawfully due and owing;

g.      Defendants unlawfully, unfairly and/or fraudulently reported to credit reporting agencies the deficiency balances allegedly owed by members of the general  public as amounts lawfully due and owing;

h.      Defendants unlawfully, unfairly and/or fraudulently collected deficiency balances from members of the general public;

i.      Defendants unlawfully, unfairly and/or fraudulently filed lawsuits against members of the general public in order to collect deficiency balances; and

j.      Defendants unlawfully, unfairly and/or fraudulently misrepresented their compliance with the provisions of Civil Code § 2983.2 and Division 9 of the Commercial Code to courts throughout the State of California and concealed their violations of the law.

k.      Defendants and their collection agents violated California's Rosenthal Fair Debt Collection Practices Act, at Civil Code § 1788.17, by the practices alleged above, and also by sending form letters to and filing suit against members of the general public demanding payment of unlawful deficiency balances, representing that those balances were legally owed, and/or by referring for collections to outside agencies the deficiency balances of members of the general public.

l.      Defendants and their collection agents violated California's Consumer Credit Reporting Agencies Act, at Civil Code § 1785.25(a), by knowingly and willfully reporting false information to the credit reporting agencies, i.e. that members of the general public owed deficiency balances, when they did not.

51.     The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Act, the Rosenthal Act and the Consumer Credit Reporting Agencies Act.

52.     The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially

1   injurious to consumers. Said acts and practices have no utility that outweighs their substantial

2   harm to consumers.

3        53.    The business acts and practices of defendants, as hereinabove alleged, constitute

4   fraudulent business practices in that said acts and practices are likely to deceive the public and

5   affected consumers as to their legal rights and obligations, and by use of such deception, may

6   preclude consumers from exercising legal rights to which they are entitled.

7        54.    The unlawful, unfair and fraudulent business acts and practices of defendants

8   described herein present a continuing threat to plaintiffs and members of the general public in that

9   defendants are currently engaging in such acts and practices, and will persist and continue to do so

10  unless and until a public injunction is issued by this Court.

11       55.    Pursuant to Business and Professions Code § 17203, plaintiffs seek a public

12  injunction enjoining cross-defendants from engaging in such acts and practices as hereinabove

13  alleged. Plaintiffs are entitled to a public injunction as a private attorney general, without any

14  necessity of class certification.

15       56.    Pursuant to Code of Civil Procedure § 1021.5, plaintiffs seek recovery of attorney's

16  fees, costs and expenses incurred in the filing and prosecution of this action.

17       WHEREFORE, plaintiffs pray for relief as set forth below.

18                           **PRAYER FOR RELIEF**

19       WHEREFORE, plaintiff respectfully prays for relief, on behalf of himself and the general

20  public, as follows:

21       1.     For actual damages;

22       2.     For statutory damages;

23       3.     For punitive damages;

24       4.     As to plaintiff Ronald Fernandez, for trebling of the penalties or remedies afforded

25  by Commercial Code § 9625, the Rosenthal Act and Civil Code § 1785.31(a)(1)(B);

26       5.     For an order commanding defendants to delete their credit reporting tradeline from

27  plaintiff's credit reports, and to cease all future credit reporting as to the subject account;

28       6.     For an order finding and declaring that defendants' acts and practices as challenged

13

COMPLAINT

1   herein are unlawful, unfair and/or fraudulent;

2       7.      For a public injunction preliminarily and permanently enjoining defendants from

3   engaging in the practices challenged herein;

4       8.      For pre-judgment interest to the extent permitted by law;

5       9.      For an award of attorney's fees, costs and expenses incurred in the investigation,

6   filing and prosecution of this action under any applicable provision of law or contract; and

7       10.     For such other and further relief as the Court may deem just and proper.

8                               **DEMAND FOR JURY TRIAL**

9       Plaintiffs hereby demand a trial by jury under the United States Constitution.

10  Dated: April 4, 2019                    LAW OFFICES OF BRANDON A. BLOCK
                                            A PROFESSIONAL CORPORATION
11

12

13                                          Brandon A. Block

14                                          Attorneys for Plaintiffs
                                            ANTHOLINE FERNANDEZ and RONALD
15                                          FERNANDEZ, on behalf of themselves and
                                            members of the general public

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        14
                                     COMPLAINT

# Exhibit 1

Bridgecrest
PO Box 29018
Phoenix, AZ 85038
800-965-8029

4/10/2018

## NOTICE OF INTENT TO DISPOSE AND OUR PLAN TO SELL PROPERTY



ANTHOLINE FERNANDEZ          S1-75 - 2

RE:   Credit Transaction    Retail Installment Contract
Account Number:   ████████0501
Vehicle Description:  2008 SCION XB
VIN:  JTLKE50E881054529

We have your property described above, because you broke promises in our agreement.

We will sell the vehicle described above at private sale sometime after 5/1/2018. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, plus interest at the interest rate listed on your contract, from the date of the sale until the date of judgment.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

You have a right to get your vehicle back and reinstate our agreement within 20 days from the date of this notice by paying the amount due at the time of the repossession (excluding any amount that would not be due except for an acceleration provision) and the actual and reasonable expenses incurred as a result of the retaking and storage of the property. To reinstate our agreement and get your motor vehicle back, you must bring your account current by paying the following amounts:

| | |
|---|---|
| Total Amount(s) Past Due | $1843.20 |
| Unpaid Interest Due: | $1195.99 |
| Unpaid Delinquency Charges: | $40.00 |
| Collection Fees: | $45.00 |
| Expenses of our Retaking the Vehicle: | $400.00 |
| Expenses of our Storing the Vehicle: | $0.00 |
| **TOTAL DUE TO REINSTATE:** | $3524.19 |

To reinstate the contract, you must submit payment in the amount of the Total Due to Reinstate listed above to Bridgecrest at the address listed above, or call us at the number listed above to discuss other payment options. You must also submit a Filing Fee for Report of Repossession in the amount of $15.00 to the appropriate law enforcement official where your vehicle was repossessed at Chino Police Dpt. In order to receive possession of your vehicle, you must submit proof of payment of the filing fee to Bridgecrest at the address listed above.

The total amount due to reinstate your account is the only amount you are required to pay to reinstate your account. Any regularly scheduled installments that you have not paid are still owed by you to us but you are not required to pay them to reinstate your account.

**IMPORTANT BANKRUPTCY NOTICE: If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and is not an attempt to collect a debt from you.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

S1

NOLCA                                    1                          Rev. 06/2017

In addition, you can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. As of the date of this notice, you must pay the following amounts to redeem the motor vehicle:

| | |
|---|---:|
| Principal Balance: | $13560.47 |
| Accrued Interest: | $1195.99 |
| Total Late Charges: | $40.00 |
| Total Collection Charges: | $45.00 |
| Expenses of our Retaking the Vehicle: | $400.00 |
| Expenses of our Storing the Vehicle: | $0 |
| Other Related Expenses: | $0.00 |
| Estimated Credit for Unearned Finance Charges: | $0.00 |
| Estimated Credit for Cancelled Insurance: | $0.00 |
| **TOTAL OUTSTANDING DUE:** | $15241.46 |

These amounts reflect what you must pay to redeem your vehicle as of the date of this notice. This amount may increase the longer you wait. To learn the exact amount you must pay to redeem the vehicle, call us at the number listed above or write us at the address listed above.

To redeem the motor vehicle, you must submit payment in the amount of the Total Outstanding Due listed above to Bridgecrest at the address listed above, or call us at the number listed above to discuss other payment options. You must also submit payment of the $15.00 Filing Fee for Report of Repossession to the appropriate law enforcement official where your vehicle was repossessed at Chino Police Dpt and the remainder of the Total Outstanding Due listed above to Bridgecrest at the address listed above. In order to receive possession of your vehicle, you must submit proof of payment of the filing fee to Bridgecrest at the address listed above.

Upon written request, Bridgecrest will extend the redemption and reinstatement period for an additional 10 days. If you choose to exercise this right, you must complete the enclosed form and either personally serve the completed form on Bridgecrest or send the form by certified or registered mail, return receipt requested, to the following address: Bridgecrest PO Box 29018 Phoenix, AZ 85038, the address listed above. Bridgecrest must receive the form before the expiration of the reinstatement or redemption period noted above. Upon receipt of your written request within the specified time, Bridgecrest will extend the redemption and reinstatement periods and the date of sale by 10 days without further notice.

Upon written request, Bridgecrest will furnish a written accounting regarding the disposition of the motor vehicle after the sale.This request must be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to Bridgecrest at the address listed above.

If you redeem the motor vehicle or reinstate the contract, the motor vehicle will be returned to you at MANHEIM NEVADA 6600 AUCTION LANE NORTH LAS VEGAS, NV 89165.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the number listed above or write us at the address listed above and request a written explanation. We will charge you $0.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.

If you need more information about the sale call us at the number listed above or write us at the address listed above.

We are sending this notice to the following other people who have an interest vehicle described above or who owe money under your agreement:

RONALD FERNANDEZ

**IMPORTANT BANKRUPTCY NOTICE: If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.**

Sincerely,

Bridgecrest

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## REDEMPTION/REINSTATEMENT PERIOD EXTENSION REQUEST

I/We,_____

*(Please print/type name(s) of buyer(s) and any other party liable on the Contract referenced on the Notice of Intent to Dispose and Our Plan to Sell Property)*

hereby exercise my/our rights under Section 2983.2 of the Rees-Levering Motor Vehicle Sales and Finance Act to extend my/our redemption and reinstatement periods ten (10) days from the last day of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 5/1/2018.

X_____     X_____
Signature of Requesting Party                      Signature of Requesting Party


X_____     X_____
Print/Type Name                                            Print/Type Name


X_____     X_____
Date:                                                             Date:

**To preserve your rights, this form must be personally served or sent by certified or registered mail, return receipt requested, to the following address:**

      Bridgecrest
      PO Box 29018
      Phoenix, AZ 85038

**Bridgecrest must be in receipt of this fully executed form before the expiration of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 5/1/2018.**

**IMPORTANT BANKRUPTCY NOTICE: If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.**

# Exhibit 2

Bridgecrest
PO Box 29018
Phoenix, AZ 85038

**Bridgecrest** 

1V

05-09-2018

ɪɪlɪl|ɪːɪɪ||ɪlɪɪ|ɪ|ɪ|ɪ||ɪɪɪɪ|ɪɪ|ɪ|ɪɪɪɪ|ɪɪ||ɪ|ɪ||ɪ|ɪ|ɪ||ɪ|ɪ||ɪ||ɪ|ɪ|ɪɪ||ɪ||ɪ
ANTHOLINE FERNANDEZ

1V-11 - 1

Account Number: ████0501

## Explanation of Calculation of Surplus or Deficiency
Subject: Sale of 2008 SCION XB JTLKE50E881054529

As result of your default, we repossessed and sold the vehicle described above for $ 3400.00. This statement outlines the manner in which we applied the sale proceeds.

Explanation of Some Terms:
Surplus: The disposition proceeds are greater than the amount owed to us and secured by the vehicle (including applicable costs and expenses, and attorney's fees), resulting in a surplus that we will either return to you or pay to someone else claiming an interest in the vehicle.

Deficiency: The disposition proceeds are less than the amount owed to us and secured by the vehicle (including applicable costs and expenses, and attorney's fees), resulting in a deficiency.  You remain liable to us for this deficiency, which you are required to pay in full upon receipt of this communications.

## Calculation of Surplus or Deficiency

| | |
|---|---:|
| Aggregate amount of obligations secured by the security interest as of 05-09-2018: | $ 15043.29 |
| Amount of the proceeds of the disposition: | $ 3032.00 |
| Aggregate amount of the obligations after deducting the amount of proceeds = | $ 12011.29 |

Amount of expenses:

| | |
|---|---:|
| Expenses of retaking: | $ 0.00 |
| Expenses of preparing for disposition: | $ 80.00 |
| Expenses of disposition: | $ 288.00 |
| Other expenses: | N/A |
| Amount of attorney fees and costs (if any): | N/A |
| ADD: Total Expenses = | $ 368.00 |

Amount of credits and/or rebates:

| | |
|---|---:|
| Unearned finance charges: | N/A |
| Rebates of insurance premiums (VSC, GAP, GPS): | $ 0.00 |
| LESS: Total Credits and Rebates = | $ 0.00 |

| The amount of surplus (if applicable): | | 0.00 |
|---|---|---|

**Or,**

| The amount of deficiency (if applicable): | | 12379.29 |
|---|---|---|

Future debits, credits, charges, including additional credit service charges, rebates, and expenses may affect the amount of the surplus or deficiency.

We seek only to collect amounts due and unpaid, as allowed by law. If we become aware that you have been charged any amounts that are not properly due, we will credit those amounts to your account. At this time, we are not aware of any such charges.

Additional information regarding the transaction is available by calling us at, 800-965-8046 or at our place of business listed below.

Sincerely,
Bridgecrest
CC: ANTHOLINE FERNANDEZ

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from attempting to collect any deficiency from you. If you receive a bankruptcy discharge of your debts in the bankruptcy case, you may no longer be personally liable to us for any deficiency. We may, however, seek to enforce any existing security interests and liens against any collateral. In addition, any surplus resulting from the sale of the repossessed collateral may be paid to the bankruptcy trustee appointed in the bankruptcy case. We will continue to proceed in accordance with all applicable laws and agreements. This Explanation of Calculation of Surplus or Deficiency is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

**Bridgecrest**
**PO Box 29018**
**Agency Manager 800-965-8046**

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1910203
    LAW OFFICES OF BRANDON A BLOCK
    433 N CAMDEN DRIVE
    SUITE 600
    BEVERLY HILLS CA 90210
                        NOTICE OF TRIAL SETTING CONFERENCE


IN RE: FERNANDEZ -V- BRIDGECREST CREDIT

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 10/04/19 at  8:30 in Dept. S24


DATE: 04/04/19  Nancy Eberhardt, Court Executive Officer
                                    By: DANIELA VARGAS
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 04/04/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/04/19 at San Bernardino, CA

                        BY: DANIELA VARGAS