MARCOS D. SASSO (SBN 228905)
sassom@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
BRIDGECREST CREDIT
COMPANY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ANTHOLINE FERNANDEZ and
RONALD FERNANDEZ, on behalf of
themselves and members of the general
public,

                    Plaintiff,

        v.

BRIDGECREST CREDIT COMPANY,
LLC, an Arizona limited liability
company; and DOES 1 through 25,
inclusive,

                    Defendant.

) Case No. 5:19-CV-00877 MWF (SHKx)
)
) [Assigned to the Hon. Michael W.
) Fitzgerald]
)
) **NOTICE OF MOTION AND**
) **MOTION OF DEFENDANT**
) **BRIDGECREST CREDIT**
) **COMPANY, LLC TO STAY**
) **PENDING APPEAL;**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT**
)
) **Hearing**:
) Date:   March 9, 2020
) Time:   10:00 a.m.
) Courtroom: 5A
)
) Trial Date:  None
)
) [Request for Judicial Notice filed and
) [Proposed] Order Lodged concurrently]
)
)

MOTION TO STAY PENDING APPEAL

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT**, on March 9, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Michael W. Fitzgerald in Courtroom 5A of the above referenced Court, located at 350 West First Street, Los Angeles, CA 90012, defendant Bridgecrest Credit Company, LLC ("Bridgecrest"), will and hereby does moves for an order staying all proceedings in this action, including discovery, until final resolution of Bridgecrest's appeal of this Court's October 29, 2019 Order denying Bridgecrest's Motion to Compel Arbitration to the United States Court of Appeals for the Ninth Circuit.  On November 21, 2019, Bridgecrest filed its Notice of Appeal from the Court's October 29, 2019 Order.  The appeal is pending.

   This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, all papers and pleadings on file in this action and upon such other and further evidence and argument as may be presented to the Court in connection with this Motion.

   This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 3 and 6, 2020.

 DATED:  February 6, 2020                         Marcos D. Sasso
                                                 BALLARD SPAHR LLP


                                                 By:  _/s/ Marcos D. Sasso_
                                                       Marcos D. Sasso

                                                 Attorneys for Defendant
                                                 BRIDGECREST CREDIT
                                                 COMPANY, LLC

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................3

III.  ARGUMENT .........................................................................................5

      A.    Bridgecrest Has Demonstrated A Likelihood Of Success On The
            Merits Of Its Appeal. ...............................................................6

      B.    Bridgecrest Will Be Irreparably Injured Absent A Stay Of The
            Proceedings. .............................................................................9

      C.    Plaintiffs Will Not Be Injured By A Stay. ...........................12

      D.    A Stay Will Serve The Public Interest. .................................13

IV.   CONCLUSION ...................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alascom v. ITT North Electric Company*,
    727 F.2d 1419 (9th Cir. 1984) ................................................... 2, 9, 10

*Ali v. JP Morgan Chase Bank*,
    No. C 13-01184 JSW, 2014 U.S. Dist. LEXIS 198062
    (N.D. Cal. Mar. 10, 2014) ................................................................. 14

*Blair v. Rent-A-Center, Inc.*,
    928 F.3d 819 (9th Cir. 2019) ............................................................ 3, 4

*Cisneros v. U.D. Registry, Inc.*,
    39 Cal. App. 4th 548 (1995) ................................................................ 11

*Croucier v. Credit One Bank, N.A.*,
    No. 18-cv-20 MMA (JMA), 2018 WL 2836889
    (S.D. Cal. June 11, 2018) ..................................................................... 8

*Delisle v. Speedy Cash*,
    No. 18-CV 2042-GPC-RBB, 2019 U.S. Dist. LEXIS 172276
    (S.D. Cal. Oct. 3, 2019) ...................................................... 5, 6, 7, 11, 14

*Eberle v. Smith*,
    No. 07-0120 W (WMC), 2008 U.S. Dist. LEXIS 6393
    (S.D. Cal. Jan. 29, 2008) .................................................... 10, 12, 13, 14

*Edwards & Sons, Inc. v. McCollough*,
    967 F.2d 1401 (9th Cir. 1992) ............................................................ 13

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) ........................................................................ 12

*Fetelberg v. Credit Suisse First Boston, LLC*,
    134 Cal. App. 4th 997 (2005) .............................................................. 11

*Ford v. Verisign, Inc.*,
    No. 05-CV-0819 JM, 2006 U.S. Dist. LEXIS 88856
    (S.D. Cal. Mar. 8, 2006) ..................................................................... 14

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*General Teamsters Union Local No. 439 v. Sunrise Sanitation Servs.*,
    No. S-05-1208, 2006 U.S. Dist. LEXIS 51802
    (E.D. Cal. July 26, 2006) ........................................................................ 6

*Johnson v. JP Morgan Chase Bank, N.A.*,
    No. EDCV 17-2477 JGB (SPx), 2018 U.S. Dist. LEXIS 167272,
    (C.D. Cal.Sept. 18, 2018) ........................................................................ 8

*Karimy v. Assoc. Gen. Contrs. of Am.*,
    No. 08-CV-297-L (CAB), 2009 U.S. Dist. LEXIS 103043
    (S.D. Cal. Nov. 5, 2009) ........................................................................ 10

*Kim v. Tinder, Inc.*,
    No. 18-cv-03093 JFW, 2018 WL 6694923 (C.D. Cal. July 12, 2018) ................. 8

*Kwan v. Clearwire Corp.*,
    No. C09-1392-JLR, 2011 U.S. Dist. LEXIS 38047
    (W.D. Wash. Mar. 29, 2011) ................................................................... 11

*Lair v. Bullock*,
    697 F.3d 1200 (9th Cir. 2012) .................................................................. 5

*Laster v. T-Mobile USA, Inc.*,
    No. 05-CV-1167 DMS, 2006 U.S. Dist. LEXIS 88855
    (S.D. Cal. Mar. 14, 2006) ...................................................................... 14

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) .......................................................... 5, 6, 7, 9

*McGill v. Citibank*,
    2 Cal. 5th 945 (2017) ............................................................................. 4

*McGovern v. U.S. Bank N.A.*,
    362 F. Supp. 3d 850 (S.D. Cal. 2019) ........................................................ 7

*Mundi v. Union Sec. Life Ins. Co.*,
    No. CV-F-06-1493 OWW/TAG, 2007 U.S. Dist. LEXIS 64012
    (E.D. Cal. Aug. 15, 2007) ...................................................................... 10

*Murphy v. DirecTV, Inc.*,
    07-CV-06465-FMC-VBKx, 2008 U.S. Dist. LEXIS 123185
    (C.D. Cal. July 1, 2008) ................................................................... 13, 14

MOTION TO STAY PENDING APPEAL

*Nken v. Holder*,
  556 U.S. 418 (2009) ................................................................. 5, 6, 7, 9

*Rappley v. Portfolio Recovery Assocs., LLC*,
  No. 17-cv-00108-JGB, 2017 U.S. Dist. LEXIS 144182
  (C.D. Cal. Aug. 24, 2019) ..................................................................... 8

*Revitch v. DirecTV, LLC*,
  No. 18-CV-01127-JCS, 2018 U.S. Dist. LEXIS 192445
  (N.D. Cal. Nov. 9, 2018) ..................................................................... 11

*Richards v. Ernst & Young LLP*,
  No. C-08-04988 RMW, 2012 U.S. Dist. LEXIS 3523
  (N.D. Cal. Jan. 11, 2012) .............................................................. 12, 14

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,
  490 U.S. 477 (1989) ........................................................................... 13

*Smith v. Legal*,
  No. 11-5054 RJB, 2012 U.S. Dist. LEXIS 192690
  (W.D. Wash. Apr. 24, 2012) ............................................................... 13

*Sponheim v. Citibank, N.A.*,
  No. 19-264 JVS, 2019 U.S. Dist. LEXIS 100857
  (C.D. Cal. June 10, 2019) ..................................................................... 7

*Steiner v. Apple Computer, Inc.*,
  No. C 07-04486 SBA, 2008 U.S. Dist. LEXIS 90335
  (N.D. Cal. Apr. 28, 2008) ................................................................... 13

*Velasquez-Reyes v. Samsung Elecs. Am., Inc.*,
  No. 16-1953-DMG (KK), 2018 U.S. Dist. LEXIS 227399
  (C.D. Cal. Mar. 8, 2018) ......................................................... 10, 12, 14

*Whaley v. Pac. Seafood Grp.*,
  No. 1:10-CV-3057, 2017 U.S. Dist. LEXIS 180859
  (D. Or. Nov. 1, 2017) ......................................................................... 10

*Wilson v. Huuuge, Inc.*,
  No. 3:18-CV-5276-RBL, 2019 U.S. Dist. LEXIS 33193
  (W.D. Wash. Mar. 1, 2019) ................................................................... 6

*Wright v. Sirius XM Radio Inc.*,
     No. SACV 16-01688, 2017 U.S. Dist. LEXIS 221407
     (C.D. Cal. June 1, 2017) ........................................................................................8

**Statutes**

9 U.S.C. § 16(a) .......................................................................................................13

## I.    INTRODUCTION

Defendant Bridgecrest Credit Company, LLC ("Bridgecrest") seeks an order staying all proceedings in this action, including discovery, pending resolution of Bridgecrest's appeal from the Court's October 29, 2019 Order (the "Order") denying Bridgecrest's Motion to Compel Arbitration (the "Arbitration Motion"). Bridgecrest recognizes that, in connection with the Arbitration Motion, the Court denied a request to stay the action pending resolution of appeals in *Tillage v. Comcast Corp.*, No. 18-15288 (9th Cir.) ("*Tillage*") and *McArdle v. AT&T Mobility, LLC*, No. 17-17246 (9th Cir.) ("*McArdle*").  While the pendency of those appeals is a basis for the instant request for a stay (as discussed below), circumstances have changed since the Order, including because Bridgecrest has appealed the Order and the Ninth Circuit has stayed issuance of the mandate in *Tillage* and *McArdle* for a period of approximately 90 days pending the filing of a writ of certiorari in the Supreme Court of the United States, with the stay to continue until final disposition by the Supreme Court.  Accordingly, for the reasons set forth herein, a stay is warranted and the Motion should be granted.

Based on governing Ninth Circuit law, four factors must be considered in determining whether to grant a stay pending appeal.  As set forth below, each factor weighs in favor of a stay.

First, while Bridgecrest respects this Court's Order denying the Arbitration Motion, Bridgecrest believes it has set forth a strong showing that it is likely to prevail on appeal and that the Ninth Circuit will ultimately compel arbitration. Bridgecrest's appeal raises a substantial case for relief regarding issues on which district courts have reached conflicting rulings and which will likely be resolved by the Supreme Court.  Indeed, the stay of the issuance of the mandates in *Tillage* and *McArdle* demonstrates, at a minimum, a recognition by the Ninth Circuit that key issues remain unsettled and suitable for potential Supreme Court review.

Second, in the event a stay is not granted, Bridgecrest will suffer substantial

MOTION TO STAY PENDING APPEAL

and irreparable injury if it is required to expend significant time and resources to conduct class-like discovery and proceedings pertaining to the type of "public injunctive relief" sought by Plaintiffs during the pendency of its appeal.  These resources will have been entirely wasted in the event the Ninth Circuit reverses and compels individualized arbitration pursuant to the terms of the parties' arbitration agreement.  As recognized by the Ninth Circuit in similar cases, the deprivation of the advantages of arbitration in requiring a party to proceed in litigation is "serious, perhaps, irreparable."  *Alascom v. ITT North Electric Company*, 727 F.2d 1419, 1422 (9th Cir. 1984).

Third, any harm that Plaintiffs may suffer if a stay is granted is minimal and can be addressed if the case were to return to this Court following the appeal.  Even if Plaintiffs (or California consumers who are customers of Bridgecrest who, like Plaintiffs, have defaulted on their loans with Bridgecrest and/or are involved in repossession proceedings) suffer harm, Plaintiffs seek restitution of amounts paid as a result of the challenged conduct, among other relief.  Thus, such harm can be addressed in the future, if the case were to return to the Court following the appeal.  Moreover, even if Plaintiffs (or a subset of California Bridgecrest customers) suffer some minor harm during the pendency of Bridgecrest's appeal, such harm – if any – is outweighed by the substantial injury that Bridgecrest will suffer if a stay is not granted.  Thus, this factor weighs in favor of a stay.

Finally, a stay will serve the public interest by (a) promoting the strong federal policy favoring arbitration embodied in the Federal Arbitration Act ("FAA"); (b) conserving judicial resources; and (c) reducing the risk of inconsistent and ineffectual rulings.  Regarding this factor, the appeal presents an important question of law:  whether the California Supreme Court's "*McGill* Rule" -- articulated in *McGill v. Citibank*, 2 Cal. 5th 945 (2017) -- is preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.  In denying the Arbitration Motion, this Court held (among other things) that, pursuant to the Ninth Circuit's

MOTION TO STAY PENDING APPEAL

decision in *Blair v. Rent-A-Center, Inc*., 928 F.3d 819 (9th Cir. 2019) ("*Blair*"), the FAA does not preempt the *McGill* Rule. As discussed, *Tillage* and *McArdle* are pending before the Ninth Circuit and raise the same important FAA preemption issue. On January 23 and 24, 2020, respectively, the Ninth Circuit stayed issuance of the mandate in *Tillage* and *McArdle* for a period of 90 days pending the filing of a writ of certiorari in the Supreme Court of the United States, with the stay to continue until final disposition by the Supreme Court. *See* Request for Judicial Notice ("RJN") Exs. 1, 2. A stay of the instant case will allow time for the writs of certiorari to be filed in, and resolved by, the Supreme Court, and thereby promotes judicial efficiency and economy, as well as reducing the risk of inconsistent and ineffectual rulings.

Accordingly, based on the foregoing, Bridgecrest respectfully requests that the case be stayed pending resolution of the appeal of the Arbitration Motion.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the Complaint, Plaintiffs assert claims arising from Bridgecrest's repossession of their vehicle following Plaintiffs' default on the vehicle purchase contract. Plaintiffs contend that a notice they received from Bridgecrest in connection with the repossession was deficient under California law, included inaccurate reinstatement and/or redemption amounts with respect to Plaintiffs' loan, and was inconsistent with alleged oral and written representations made by Bridgecrest during the course of the repossession activity. (Compl. ¶¶ 14-56.)

Based on the foregoing, Plaintiffs assert claims for violations of California's: (1) Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code § 2981, *et seq.* (the First Claim); (2) Commercial Code, Cal. Comm. Code §§ 9614, 9616 (the Second Claim); (3) Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the Third Claim); (4) Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.* (the Fourth Claim); and (5) UCL (the Fifth Claim). (*Id.* ¶¶ 14-56.) Plaintiffs assert the First through Fourth Claims on their own

individual behalves; the Fifth Claim purports to be brought on behalf of themselves and the general public.  In connection with the Fifth Claim, Plaintiffs seek a "public injunction as a private attorney general . . . ."  (*Id.* ¶ 55.)  The Fifth Claim is predicated entirely upon the same facts and legal theories underlying each of the First through Fourth Claims. (*Compare id.* ¶¶ 14-47 *with* ¶¶ 48-56.)

On August 19, 2019, Bridgecrest filed the Arbitration Motion, seeking an order compelling individual arbitration and staying the litigation until the completion of arbitration proceedings pursuant to the FAA, 9 U.S.C. §§ 3, 4.  (*See* ECF No. 13.)  Bridgecrest sought to compel all claims -- including the Fifth Claim purporting to seek "public injunctive relief" under California's UCL -- to individual, non-class, non-representative arbitration in accordance with the terms of the parties' valid and enforceable arbitration agreement.  Bridgecrest argued that, because Plaintiffs' Fifth Claim does not state a facial claim for "public injunctive relief" under California law – *i.e.*, relief that has the primary effect of benefitting the general public -- the Court need not address Plaintiffs' anticipated reliance on the *McGill* Rule and *Blair*.  In *McGill*, 2 Cal. 5th at 955, the California Supreme Court held that a provision in an arbitration agreement precluding the award of public injunctive relief is unenforceable under California law.  In *Blair*, 928 F.3d at 831, the Ninth Circuit held that the FAA does not preempt the *McGill* Rule.  Bridgecrest further argued that, in the event the Court concluded that the Fifth Claim stated a valid claim for "public injunctive relief," the Court must still compel arbitration of Plaintiffs' First through Fourth Claims.  Finally, Bridgecrest argued that, should the Court be inclined to address the FAA preemption issue, the Court should apply a discretionary stay of the action pending resolution of the appeals in *Tillage* and *McArdle*.  (*See* ECF No. 13.)

On October 29, 2019, the Court entered the Order.  The Court held that the injunction Plaintiffs seek in the Fifth Claim is "at least in part a public injunction" within the meaning of the *McGill* Rule, rendering the Fifth Claim non-arbitrable and

4

the arbitration provision precluding claims for public injunctive relief "null and void." Opinion at pp. 10-11. The Court also held that, pursuant to the Ninth Circuit's decision in *Blair*, the FAA does not preempt the *McGill* Rule. *Id.* at p. 11. The Court also denied Bridgecrest's request to stay the action pending resolution of the appeals in *Tillage* and *McArdle*, finding that the "stated basis for a stay is far too speculative" since both cases were "several steps removed from the Supreme Court's review." *Id.* at pp. 1, 14-15. Finally, the Court held that under the terms of the arbitration agreement's severability provision, because a portion of the agreement was deemed to be unenforceable, the entire agreement was null and void. *Id.* at 11-12.

On November 21, 2019, Bridgecrest filed its Notice of Appeal from the Court's October 29, 2019 Opinion and Order. (ECF No. 19.) The Appeal is pending.

## III.   ARGUMENT

This Court is afforded wide discretion in deciding whether to grant a stay pending the resolution of an appeal. A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In considering whether to issue a stay, courts consider four factors: "'whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Delisle v. Speedy Cash*, No. 3:18-CV 2042-GPC-RBB, 2019 U.S. Dist. LEXIS 172276, at **3-4 (S.D. Cal. Oct. 3, 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). *Accord Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (articulating four factors relevant to stay inquiry).

Courts in the Ninth Circuit use a sliding scale or "continuum" approach to assess the propriety of a stay pending appeal, so that a stronger showing of any

MOTION TO STAY PENDING APPEAL

factor may offset a weaker showing of the others.  *Leiva-Perez*, 640 F.3d at 965-66. No single factor governs the issuance of a stay.  *Id.*  The first two factors "are the most critical" to the stay determination.  *Delisle*, 2019 U.S. Dist. LEXIS 172276, at *4 (citing *Nken*, 556 U.S. at 434-35).

## A.   Bridgecrest Has Demonstrated A Likelihood Of Success On The Merits Of Its Appeal.

To satisfy the first prong of the stay test, the applicant must make "a strong showing that he is likely to succeed on the merits."  *Leiva-Perez*, 640 F.3d at 966. That showing must establish "more than a mere possibility of relief."  *Id.* at 967 (quoting *Nken*, 556 U.S. at 434).  "However, the standard does not require much more than that; the applicant must only show a 'fair prospect' of success or be 'reasonably likely' to succeed."[1]  *Delisle*, 2019 U.S. Dist. LEXIS 172276, at *4 (quoting *Nken*, 556 U.S. at 434).

Alternatively, the applicant may comply with *Nken's* first prong by establishing a "substantial case" for relief.  *Id.* (citing *Leiva-Perez*, 640 F.3d at 970). A "substantial case" exists where the applicant's claims raise "serious legal questions," *i.e.*, "issue[s] of first impression" or issues causing a split in legal authority.  *Id.* (citing *Wilson v. Huuuge, Inc.*, No. 3:18-CV-5276-RBL, 2019 U.S. Dist. LEXIS 33193 (W.D. Wash. Mar. 1, 2019)).

In a case involving issues on appeal materially identical to those presented here, *i.e.*, whether the plaintiffs' claims seeking to enjoin future violations of California's UCL sought "public injunctive relief" within the meaning of *McGill* and whether the FAA preempts *McGill* – the United States District Court for the

_____

[1] The "success on the merits" factor "cannot be rigidly applied" because "if it were, [a stay] would seldom if ever be granted…."  *General Teamsters Union Local No. 439 v. Sunrise Sanitation Servs.*, No. S-05-1208, 2006 U.S. Dist. LEXIS 51802, at *7 (E.D. Cal. July 26, 2006).  Rather, district courts "properly 'stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.'"  *Id.* (citation omitted).

MOTION TO STAY PENDING APPEAL

Southern District of California granted a motion to stay pending the appeal, finding that the defendant had satisfied the first prong of the *Nken* stay test by demonstrating that it was "reasonably likely to succeed" on the appeal given the unresolved issues presented.  *See Delisle*, 2019 U.S. Dist. LEXIS 172276, at **9-10 (citing *Leiva-Perez*, 640 F.3d at 964, 967).  As noted in *Delislie*, in seeking a stay pending an appeal, "Defendant need not prove that 'ultimate success is probable,' and need only show a 'reasonable probability' of succeeding."  *Id.*

Like the defendant in *Delisle*, Bridgecrest respectfully believes that it has made a similarly strong showing of, at a minimum, a "reasonable probability" of success on appeal.  In the Order, the Court recognized a "difference of opinion among district courts in the Ninth Circuit as to what constitutes 'public injunctive relief' when the relief requested is neither redressing a private dispute nor aimed at false advertisements aimed broadly at consumers."  Opinion at p. 10.  Recognizing the Court's disagreement as stated in the Order, Bridgecrest continues to believe that the relief sought by Plaintiffs is not "public injunctive relief" – *i.e.*, relief that has the primary effect of benefitting the general public -- because it will only benefit, at best, Plaintiffs and other Bridgecrest customers "similarly situated" to Plaintiffs, *i.e.*, customers who have defaulted and are facing, or have faced, repossession of their vehicles, and will not "primarily" benefit the general public.

Here, as in the cases cited by Bridgecrest in connection with the Arbitration Motion, Plaintiffs similarly bring their claims on behalf of a limited, specific group of Bridgecrest customers, who defaulted and were subject to repossession of their vehicles rather than the general public.[2]  The mere fact that Plaintiffs' requested

---

[2] *See Sponheim v. Citibank, N.A.*, No. 19-264 JVS, 2019 U.S. Dist. LEXIS 100857, at **3, 10-18 (C.D. Cal. June 10, 2019) (rejecting *McGill* argument and enforcing Citibank's arbitration agreement, finding that plaintiff sought relief on behalf of a "limited class:  California plaintiffs that have held Citibank checking accounts within the applicable statute of limitations."); *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 859 (S.D. Cal. 2019) (rejecting plaintiff's attempt to avoid arbitration by invoking the *McGill* Rule, finding that plaintiff's "[m]ere[] declar[ation]" that the

relief would bar Bridgecrest from certain future repossession practices does not by itself render the remedy one for the "primary" benefit of the general public. Otherwise, every claim brought under the UCL to prohibit a future business practice would be one for public injunctive relief, which runs contrary to the reasoning of *McGill* and the holdings of the numerous cases discussed above.

Respectfully, Bridgecrest believes it has made a strong showing that it is likely to succeed on the merits of its appeal or, alternatively, that its appeal has a reasonable probability of success. This is reflected by the fact that the key issue on appeal – the continued viability of the *McGill* Rule and *Blair* – remains unresolved, and the Ninth Circuit has stayed issuance of the mandates in *Tillage* and *McArdle* to

---

relief at issue was for the benefit of the general public unavailing"); *Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV 17-2477 JGB (SPx), 2018 U.S. Dist. LEXIS 167272, 2018 WL 4726042, at *6 (C.D. Cal. Sept. 18, 2018) (compelling arbitration because "[m]erely requesting relief which would generally enjoin a defendant from wrongdoing does not elevate requests for injunctive relief to requests for public injunctive relief," and finding that any injunctive relief would provide "no real benefit to the public at large," since the only individuals who would benefit were other Chase customers); *Rappley v. Portfolio Recovery Assocs., LLC*, No. 17-cv-00108-JGB, 2017 U.S. Dist. LEXIS 144182, 2017 WL 3835259, at *6 (C.D. Cal. Aug. 24, 2017 (rejecting attempt to craft "allegations and prayer for relief in a manner that appears to constitute public injunctive relief" under *McGill* because "a closer inspection reveals that the relief she seeks is intended to redress and prevent further injury to a group of plaintiffs who have already been injured."); *Wright v. Sirius XM Radio Inc.*, No. SACV 16-01688, 2017 U.S. Dist. LEXIS 221407, 2017 WL 4676580, at *9 (C.D. Cal. June 1, 2017) (distinguishing *McGill* because any public benefit of enjoining defendant from misrepresenting or failing to disclose certain practices is "merely 'incidental'"); *Croucier v. Credit One Bank, N.A.*, No. 18-cv-20 MMA (JMA), 2018 WL 2836889, at *5 (S.D. Cal. June 11, 2018) (finding *McGill* inapplicable where relief would primarily benefit a class of similarly situated individuals); *Kim v. Tinder, Inc.*, No. 18-cv-03093 JFW (ASx), 2018 WL 6694923, at * 3 (C.D. Cal. July 12, 2018) (finding *McGill* inapplicable and holding that "[a]n injunction that purports to control only the price charged to users of Tinder's dating app who wish to subscribe to Tinder Plus and are age 30 or over is clearly one that would not affect the public at large and, therefore, would only qualify as a private injunction.").

allow for the issue to be presented to the Supreme Court for consideration.  Given the similarity of the issues presented by Bridgecrest's appeal, a stay of proceedings is warranted as a matter of judicial economy and efficiency to allow the Supreme Court to provide guidance on the preemption question, which may prove to be dispositive in this case.[3]

**B.      Bridgecrest Will Be Irreparably Injured Absent A Stay Of The Proceedings.**

To satisfy the second prong of the *Nken* test, the movant must show that it is probable that the movant will suffer irreparable harm in the absence of a stay. *Leiva-Perez*, 640 F.3d at 968.  Here, it is likely that Bridgecrest will suffer irreparable injury if this Court does not grant a stay of the proceedings pending resolution of Bridgecrest's appeal.  In fact, Plaintiffs have indicated a desire to pursue discovery, notwithstanding the appeal. Thus, Bridgecrest faces the distinct likelihood of having to litigate and engage in class-like discovery before resolution of its appeal.  Under similar circumstances, the Ninth Circuit has stayed cases; a similar stay is warranted here.

It is more than probable that a party to an arbitration agreement will suffer irreparable injury if the party is required to undergo the expense of litigation which it cannot recoup while it appeals from a denial of its motion to compel arbitration. In *Alascom v. ITT North Electric Company*, 727 F.2d 1419, 1422 (9th Cir. 1984), the Ninth Circuit reasoned that "the advantages of arbitration – speed and economy – are lost forever" if a party is forced to litigate before an appeal of a denial of a right to arbitration is resolved.  The Court reasoned that the deprivation of the advantages

---

[3] Bridgecrest recognizes that in the Order the Court denied a request to stay the case pending resolution of the appeals in *Tillage* and *McArdle*.  Bridgecrest respectfully submits that the circumstances have changed since the Order—namely, Bridgecrest has filed an appeal and, more importantly, the Ninth Circuit has stayed issuance of the mandates in *Tillage* and *McArdle* to allow for the filing of writ petitions.  Thus, unlike the prior request, the request here is not "too attenuated" to support a stay.

MOTION TO STAY PENDING APPEAL

of arbitration in requiring a party to proceed in litigation is "serious, perhaps, irreparable." *Id*. (citation omitted).

Consistent with *Alascom*, courts sitting in the Ninth Circuit regularly conclude that a party to an arbitration agreement will suffer irreparable injury in the absence of a stay pending resolution of an appeal of an order denying a motion to compel arbitration. *See, e.g., Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. 16-1953-DMG (KK), 2018 U.S. Dist. LEXIS 227399, at *7 (C.D. Cal. Mar. 8, 2018) ("As numerous District Courts in California have explained, the costs of ongoing litigation (in the face of a denied motion to compel arbitration and an appeal from that denial) constitute irreparable harm.") (citing numerous cases). Those courts reason that a party suffers irreparable injury in the absence of a stay pending appeal by losing the speed and economic advantage of arbitration, which avoids, among other things, the "high cost of formal discovery" in litigation. *Karimy v. Assoc. Gen. Contrs. of Am.*, No. 08-CV-297-L (CAB), 2009 U.S. Dist. LEXIS 103043, at *8 (S.D. Cal. Nov. 5, 2009) (Lorenz, J.). *Accord Eberle v. Smith*, No. 07-0120 W (WMC), 2008 U.S. Dist. LEXIS 6393, at *3 (S.D. Cal. Jan. 29, 2008) (Whelan, J.) (holding that because the parties would be "forced to incur costs that would defeat the important, cost-limiting purpose of arbitration agreements" if a stay is not granted pending any appeal of an order refusing to compel arbitration, such constitutes a "unique situation" demonstrating the existence of irreparable injury); *Whaley v. Pac. Seafood Grp*., No. 1:10-CV-3057, 2017 U.S. Dist. LEXIS 180859, at *6 (D. Or. Nov. 1, 2017) (defendant "could be harmed unless this court grants a stay because if the Ninth Circuit agrees with [defendant's] position on appeal, then the parties would have wasted time and resources" during the pendency of the appeal); *see also Mundi v. Union Sec. Life Ins. Co.*, No. CV-F-06-1493 OWW/TAG, 2007 U.S. Dist. LEXIS 64012, at *14 (E.D. Cal. Aug. 15, 2007) (same). In other words, absent a stay, "the parties could spend substantial time and resources on the litigation, only to have the appellate court reverse the Order and compel arbitration

after the fact." *Pokorky*, 2008 U.S. Dist. LEXIS 91951, at *5. In that scenario, the parties will have lost "the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration." *Cervantes*, 2006 U.S. Dist. LEXIS 89198, at *4.

The above-referenced harm is especially acute where the suit involves a class action or, as here, proceedings akin to a class action. *See Delisle*, 2019 U.S. Dist. LEXIS 172276, at *10. *Accord Revitch v. DirecTV, LLC*, No. 18-CV-01127-JCS, 2018 U.S. Dist. LEXIS 192445, at *4 (N.D. Cal. Nov. 9, 2018) (observing that irreparable injury is a "particular concern" in a putative class action where one party claims the right to individualized arbitration); *Kwan v. Clearwire Corp.*, No. C09-1392-JLR, 2011 U.S. Dist. LEXIS 38047, at *7 (W.D. Wash. Mar. 29, 2011) (reasoning that a refusal to stay the proceedings would "risk imposing hardship or inequity" on the movant because "[t]he burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration.").

Public injunctive relief proceedings require discovery and evidentiary proof relating to the injury to absent parties and the likelihood of future injury to the public. *See, e.g.*, *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 564 (1995) (plaintiffs pursuing public injunctive relief are "entitled to introduce evidence not only of practices which affect them individually, but also similar practices involving other members of the public who are not parties to the action"); *Fetelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005) (the "injunctive remedy should not be exercised in the absence of any evidence that the acts are likely to be repeated in the future." (citation omitted)).

What is more, a "decision to not stay proceedings would deprive [Bridgecrest] of the increased speed and reduced cost stemming from arbitration." *Delisle*, 2019 U.S. Dist. LEXIS 172276, at *11. Put differently, the broad-based proceeding needed to adjudicate a public injunctive relief claim will eviscerate the "traditionally individualized and informal nature" of arbitration preserved by the FAA. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018). As in *Delisle*, if

11

MOTION TO STAY PENDING APPEAL

proceedings are not stayed and the Supreme Court ultimately reverses the Ninth Circuit's *Blair* decision, Bridgecrest will suffer irreparable harm by being forced to engage in class-like discovery and to litigate intervening motions that may arise including, but not limited to, summary judgment, as well as the scope and viability of broad-based public injunctive relief.  For this reason, a stay of proceedings pending resolution of the appeal, as well as potential guidance from the Supreme Court, is warranted.

### C. Plaintiffs Will Not Be Injured By A Stay.

When, as here, the probable injury to the movant outweighs the potential injury to the opposing party, the third factor is satisfied and a stay is warranted.  In the context of an appeal from a denial of a motion to compel arbitration, courts routinely conclude that the probable irreparable injury inflicted on the defendant in the absence of a stay pending appeal outweighs any potential injury to the plaintiff. *See Velasquez-Reyes,* 2018 U.S. Dist. LEXIS 227399, at *8 ("the irreparable injury to Defendant should litigation proceed is far greater than the risk of harm to Plaintiff and the putative class from a stay of proceedings."); *Eberle*, 2008 U.S. Dist. LEXIS 6393, at *9 ("When a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal.").

Here, Plaintiffs will not be substantially injured if this action is stayed pending resolution of Bridgecrest's appeal.  Importantly, only concrete and particularized injuries to the non-movant can weigh in favor of refusing a stay pending appeal.  *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 U.S. Dist. LEXIS 3523, at *10 (N.D. Cal. Jan. 11, 2012).  Even if there were some potential harm to a subset of California Bridgecrest customers (who would be the only persons that might be subject to an injunction relating to the practices at issue), such injury (if any) would be the subject of potential restitution should the case

ultimately return to this Court.[4]  To that extent, simple monetary harm to a non-movant caused by a stay does not weigh against the grant of a stay; such harm "can be fully redressed should [the non-movant] ultimately prevail" on the merits of its claims.  *Murphy v. DirecTV, Inc.*, 07-CV-06465-FMC-VBKx, 2008 U.S. Dist. LEXIS 123185, at *11 (C.D. Cal. July 1, 2008); *see also Smith v. Legal*, No. 11-5054 RJB, 2012 U.S. Dist. LEXIS 192690, at *6-7 (W.D. Wash. Apr. 24, 2012) (same); *Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, 2008 U.S. Dist. LEXIS 90335, at *19 (N.D. Cal. Apr. 28, 2008) (reasoning that because any harm would be "individually small" and "ultimately addressed were the [plaintiffs] to prevail on the merits," the third factor "strongly favors granting a stay").

Accordingly, because any purported injury to Plaintiffs is outweighed by the likely irreparable injury to Bridgecrest, the third factor weighs in favor of a stay.

### D.     A Stay Will Serve The Public Interest.

Finally, a stay is warranted where the stay serves the public interest by, among other things, promoting the "strong federal policy encouraging arbitration as a 'prompt, economical and adequate' method of dispute resolution for those who agree to it."  *Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 479–80, 481, (1989)).  Importantly, the FAA fosters the strong federal policy in favor of arbitration by guaranteeing parties the right to an immediate appeal of a denial of a motion to compel arbitration.  9 U.S.C. § 16(a); *Eberle*, 2018 U.S. Dist. LEXIS 6393, at *10-11.  By affording the right to immediate appeal, the FAA allows an appellate court to resolve whether the dispute should be arbitrated *before* the parties and the judiciary expend a substantial amount of time and resources in

---

[4] Vague allegations regarding possible loss of evidence or potential claimants -- or the continuance of the defendant's alleged UCL violations -- also fail to demonstrate harm flowing from a stay.  *Delisle*, 2019 U.S. Dist. LEXIS 172276, at **12-13; *Murphy*, 2008 U.S. Dist. LEXIS 123185, at *10-11; *Eberle*, 2008 U.S. Dist. LEXIS 6393, at *9-10.

litigation.  *Id.*

Courts sitting in the Ninth Circuit agree that the public interest favors a stay of proceedings pending appeal, citing the federal policy favoring arbitration embodied in the FAA and the conservation of judicial resources.  Those courts have found that litigation during the pendency of an appeal risks redundant and inconsistent actions, undermining "[p]olicies underlying arbitration law [that] stress the importance of judicial efficiency and economy."  *Eberle*, 2008 U.S. Dist. LEXIS 6393, at *10-11; *see also Laster v. T-Mobile USA, Inc.*, No. 05-CV-1167 DMS, 2006 U.S. Dist. LEXIS 88855, at *10 (S.D. Cal. Mar. 14, 2006) (Sabraw, J.) (same); *Ford v. Verisign, Inc.*, No. 05-CV-0819 JM, 2006 U.S. Dist. LEXIS 88856, at *8–9 (S.D. Cal. Mar. 8, 2006) (Miller, J.) (same). Courts routinely "find that the federal policy favoring arbitration embodied in the FAA and the economical use of judicial resources lead the public interest to favor a stay, even when other interests are at play."  *Richards*, 2012 U.S. Dist. LEXIS 3523, at *12; *see also Ali v. JP Morgan Chase Bank*, No. C 13-01184 JSW, 2014 U.S. Dist. LEXIS 198062, at *3-4 (N.D. Cal. Mar. 10, 2014) (same).  As recently concluded by the Court in *Delisle*, a stay pending an appeal of an order denying arbitration based upon the application of the *McGill* Rule **serves "the public'[s] … prevailing interest 'in efficient use of judicial resources**.'" *Delisle*, 2019 U.S. Dist. LEXIS 172276, at *13 (emphasis added).[5]

Finally, the pendency of the *Tillage* and *McArdle* appeals further bolsters the conclusion that a stay will serve the public interest.  The stay of the issuance of the mandates in those appeals demonstrates that the important issue of *McGill*'s continued viability remains unsettled.  A stay will allow the issue presented in those

---

[5] Any public interest in the consumer protection (UCL) claims in this case "are not seriously undermined by a stay because 'class members may be appropriately compensated after litigation on the merits.'"  *Velasquez-Reyes*, 2018 U.S. Dist. LEXIS 227399, at *8 (citing *Murphy*, 2008 U.S. Dist. LEXIS 123185, at *4 (collecting cases)).

14

MOTION TO STAY PENDING APPEAL

appeals to be considered by the Supreme Court.  At a minimum, a stay of the action for a period of 90 days is appropriate to allow time to determine whether the writ petitions will be filed.  At that time, the Court can reassess whether to continue the stay.

Accordingly, all four factors weigh strongly in favor of a stay of this litigation pending the resolution of Bridgecrest's appeal to the Ninth Circuit.

## IV.   CONCLUSION

For the foregoing reasons, Bridgecrest respectfully requests the Court enter an order staying all proceedings in this action, including discovery, pending resolution of Bridgecrest's appeal from the Order denying Bridgecrest's Motion to Compel Arbitration.

DATED:  February 6, 2020

Respectfully submitted,

BALLARD SPAHR LLP
MARCOS D. SASSO

BY:      /s/ Marcos D. Sasso
                    Marcos D. Sasso

Attorneys for Defendant,
BRIDGECREST CREDIT
COMPANY, LLC