1 | Marcos D. Sasso
  | sassom@ballardspahr.com
2 | BALLARD SPAHR LLP
  | 2029 Century Park East, Suite 800
3 | Los Angeles, CA  90067-2909
  | Telephone: 424.204.4400
4 | Facsimile: 424.204.4350

5 | Attorneys for BRIDGECREST CREDIT
  | COMPANY

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | ANTHOLINE FERNANDEZ and | Case No. 5:19-CV-00877 MWF
11 | RONALD FERNANDEZ, on behalf of | (SHKx)
   | themselves and members of the general
12 | public, | **STIPULATED**
   |  | **PROTECTIVE ORDER**
13 |                        Plaintiff,
14 |        v.
15 | BRIDGECREST CREDIT COMPANY,
   | LLC, an Arizona limited liability
16 | company; and DOES 1 through 25,
   | inclusive,
17 |                        Defendant.
18
19
20
21
22
23
24
25
26
27
28

*(side margin, rotated)* Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

DMEAST #41570537 v1

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1.    A. PURPOSES AND LIMITATIONS

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, the Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent order of the assigned District Judge and Magistrate Judge.

B. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.  Nothing in the Stipulation precludes a Party from seeking additional protections, including "HIGHLY

1

CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY", upon application or motion to the Court.

2.  DEFINITIONS

2.1  Action: 5:19-CV-00877 MWF (SHKx)

2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1   2.10   Outside Counsel of Record: attorneys who are not employees of a party

2   to this Action but are retained to represent or advise a party to this Action and have

3   appeared in this Action on behalf of that party or are affiliated with a law firm which

4   has appeared on behalf of that party, and includes support staff.

5   2.11   Party: any party to this Action, including all of its officers, directors,

6   employees, consultants, retained experts, and Outside Counsel of Record (and their

7   support staffs).

8   2.12   Producing Party: a Party or Non-Party that produces Disclosure or

9   Discovery Material in this Action.

10   2.13   Professional Vendors: persons or entities that provide litigation support

11   services (e.g., photocopying, videotaping, translating, preparing exhibits or

12   demonstrations, and organizing, storing, or retrieving data in any form or medium)

13   and their employees and subcontractors.

14   2.14   Protected Material: any Disclosure or Discovery Material that is

15   designated as "CONFIDENTIAL."

16   2.15   Receiving Party: a Party that receives Disclosure or Discovery Material

17   from a Producing Party.

18   3.   SCOPE

19   The protections conferred by this Stipulation and Order cover not only

20   Protected Material (as defined above), but also (1) any information copied or extracted

21   from Protected Material; (2) all copies, excerpts, summaries, or compilations of

22   Protected Material; and (3) any testimony, conversations, or presentations by Parties

23   or their Counsel that might reveal Protected Material.   However, the protections

24   conferred by this Stipulation and Order do not cover the following information:

25   (a) any information that is in the public domain at the time of disclosure to a Receiving

26   Party or becomes part of the public domain after its disclosure to a Receiving Party

27   as a result of publication not involving a violation of this Order, including becoming

28   part of the public record through trial or otherwise; and (b) any information known to

3

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material during a court hearing or at trial shall be governed by the separate agreement and/or order(s) of the trial judge.  This Order does not govern the use of Protected Material  during a hearing or at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party

4

1  to sanctions.

2  If it comes to a Designating Party's attention that information or items that it
3  designated for protection do not qualify for protection, that Designating Party must
4  promptly notify all other Parties that it is withdrawing the inapplicable designation.

5  5.2   Manner and Timing of Designations. Except as otherwise provided in
6  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
7  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
8  under this Order must be clearly so designated before the material is disclosed or
9  produced.

10  Designation in conformity with this Order requires:

11  (a)   for information in documentary form (e.g., paper or electronic
12  documents, but excluding transcripts of depositions), that the Producing Party affix at
13  a minimum, the legend "CONFIDENTIAL" to each page that contains protected
14  material. If only a portion or portions of the material on a page qualifies for protection,
15  the Producing Party also must clearly identify the protected portion(s) (e.g., by
16  making appropriate markings in the margins).

17  A Party or Non-Party that makes original documents available for inspection
18  need not designate them for protection until after the inspecting Party has indicated
19  which documents it would like copied and produced. During the inspection and before
20  the designation, all of the material made available for inspection shall be deemed
21  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
22  copied and produced, the Producing Party must determine which documents, or
23  portions thereof, qualify for protection under this Order. Then, before producing the
24  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend
25  to each page that contains Protected Material. If only a portion or portions of the
26  material on a page qualifies for protection, the Producing Party also must clearly
27  identify the protected portion(s) (e.g., by making appropriate markings in the
28  margins).

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1         (b)    for testimony given in depositions that the Designating Party identify

2   the Disclosure or Discovery Material on the record, before the close of the deposition

3   all protected testimony.

4         (c)    for information produced in some form other than documentary and

5   for any other tangible items, that the Producing Party affix in a prominent place on

6   the exterior of the container or containers in which the information is stored the legend

7   "CONFIDENTIAL."   If only a portion or portions of the information warrants

8   protection, the Producing Party, to the extent practicable, shall identify the protected

9   portion(s).

10       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

11   failure to designate qualified information or items does not, standing alone, waive the

12   Designating Party's right to secure protection under this Order for such material.

13   Upon timely correction of a designation, the Receiving Party must make reasonable

14   efforts to assure that the material is treated in accordance with the provisions of this

15   Order.

16       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17       6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge

18   a designation of confidentiality at any time that is consistent with the Court's

19   Scheduling Order.

20       6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

21   resolution process under Local Rules 37.1 et seq.

22       6.3    The burden of persuasion in any such challenge proceeding shall be on

23   the Designating Party.   Frivolous challenges, and those made for an improper

24   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

25   parties) may expose the Challenging Party to sanctions.   Unless the Designating

26   Party has waived or withdrawn the confidentiality designation, all parties shall

27   continue to afford the material in question the level of protection to which it is

28

1  entitled under the Producing Party's designation until the Court rules on the

2  challenge.

3        7.        ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1    Basic Principles. A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a Non-Party in connection with this

6  Action only for prosecuting, defending, or attempting to settle this Action. Such

7  Protected Material may be disclosed only to the categories of persons and under the

8  conditions described in this Order. When the Action has been terminated, a Receiving

9  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a

11 location and in a secure manner that ensures that access is limited to the persons

12 authorized under this Order.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

14 otherwise ordered by the court or permitted in writing by the Designating Party, a

15 Receiving  Party  may  disclose  any  information  or  item  designated

16 "CONFIDENTIAL" only to:

17       (a)    the Receiving Party's Outside Counsel of Record in this Action, as

18 well as employees of said Outside Counsel of Record to whom it is reasonably

19 necessary to disclose the information for this Action;

20       (b)    the officers, directors, and employees (including House Counsel) of

21 the Receiving Party to whom disclosure is reasonably necessary for this Action;

22       (c)    Experts (as defined in this Order) of the Receiving Party to whom

23 disclosure is reasonably necessary for this Action and who have signed the

24 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25       (d)    the court and its personnel;

26       (e)    court reporters and their staff;

27

28

7

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1         (f)     professional jury or trial consultants, mock jurors, and Professional

2   Vendors to whom disclosure is reasonably necessary for this Action and who have

3   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4         (g)     the author or recipient of a document containing the information or a

5   custodian or other person who otherwise possessed or knew the information;

6         (h)     during their depositions, witnesses ,and attorneys for witnesses, in the

7   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

8   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

9   not be permitted to keep any confidential information unless they sign the

10   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

11   agreed by the Designating Party or ordered by the court. Pages of transcribed

12   deposition testimony or exhibits to depositions that reveal Protected Material may be

13   separately bound by the court reporter and may not be disclosed to anyone except as

14   permitted under this Stipulated Protective Order; and

15         (i)     any mediator or settlement officer, and their supporting personnel,

16   mutually agreed upon by any of the parties engaged in settlement discussions.

17      8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

18   
19        If a Party is served with a subpoena or a court order issued in other litigation

20   that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," that Party must:

21         (a)     promptly notify in writing the Designating Party. Such notification

22   shall include a copy of the subpoena or court order;

23         (b)     promptly notify in writing the party who caused the subpoena or order

24   to issue in the other litigation that some or all of the material covered by the subpoena

25   or order is subject to this Protective Order. Such notification shall include a copy of

26   this Stipulated Protective Order; and

27   

28   

8

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless ordered by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1      (3)      make the information requested available for inspection by the

2   Non-Party, if requested.

3      (c)      If the Non-Party fails to  seek a protective order from this court within

4   14 days of receiving the notice and accompanying information, the Receiving Party

5   may produce the Non-Party's confidential information responsive to the discovery

6   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

7   not produce any information in its possession or control that is subject to the

8   confidentiality agreement with the Non-Party before a determination by the court.

9   Absent a court order to the contrary, the Non-Party shall bear the burden and expense

10   of seeking protection in this court of its Protected Material.

11      10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

15   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

16   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

17   persons to whom unauthorized disclosures were made of all the terms of this Order,

18   and (d) request such person or persons to execute the "Acknowledgment and

19   Agreement to Be Bound" that is attached hereto as Exhibit A.

20      11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
   PROTECTED MATERIAL

21

22      When a Producing Party gives notice to Receiving Parties that certain

23   inadvertently produced material is subject to a claim of privilege or other protection,

24   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

26   may be established in an e-discovery order that provides for production without prior

27   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

28   parties  reach  an  agreement  on  the  effect  of  disclosure  of  a  communication  or

10

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1 information covered by the attorney-client privilege or work product protection, the

2 parties may incorporate their agreement into this Protective Order.

3     12.    <u>MISCELLANEOUS</u>

4     12.1   Right to Further Relief. Nothing in this Order abridges the right of any

5 person to seek its modification by the Court in the future.

6     12.2   Right to Assert Other Objections. By stipulating to the entry of this

7 Protective Order no Party waives any right it otherwise would have to object to

8 disclosing or producing any information or item on any ground not addressed in this

9 Stipulated Protective Order. Similarly, no Party waives any right to object on any

10 ground to use in evidence of any of the material covered by this Protective Order.

11     12.3   Filing Protected Material. A Party that seeks to file under seal any

12 Protected Material must comply with Civil Local Rule 79-5. Protected Material may

13 only be filed under seal pursuant to a court order authorizing the sealing of the specific

14 Protected Material at issue. If a Party's request to file Protected Material under seal is

15 denied by the court, then the Receiving Party may file the information in the public

16 record unless otherwise instructed by the court.

17     13.    <u>FINAL DISPOSITION</u>

18     After the final disposition of this Action, as defined in paragraph 4, within 60

19 days of a written request by the Designating Party, each Receiving Party must return

20 all Protected Material to the Producing Party or destroy such material. As used in this

21 subdivision, "all Protected Material" includes all copies, abstracts, compilations,

22 summaries, and any other format reproducing or capturing any of the Protected

23 Material. Whether the Protected Material is returned or destroyed, the Receiving Party

24 must submit a written certification to the Producing Party (and, if not the same person

25 or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

26 category, where appropriate) all the Protected Material that was returned or destroyed

27 and (2) affirms that the Receiving Party has not retained any copies, abstracts,

28 compilations, summaries or any other format reproducing or capturing any of the

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

2  archival copy of all pleadings, motion papers, trial, deposition, and hearing

3  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4  reports, attorney work product, and consultant and expert work product, even if such

5  materials contain Protected Material. Any such archival copies that contain or

6  constitute Protected Material remain subject to this Protective Order as set forth in

7  Section 4 (DURATION).

8      Any violation of this Order may be punished by any and all appropriate

9  measures including, without limitation, contempt proceedings and/or monetary

10  sanctions.

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

12  DATED:  July 7, 2020

13  */s/ Marcos D. Sasso*
Marcos D. Sasso

14  Attorneys for Defendant, Bridgecrest
15  Credit Company

16  DATED:  July 7, 2020

17  */s/ Brandon A. Block*
18  Brandon A. Block

19  Attorneys for Plaintiffs, Antholine
20  Fernandez and Ronald Fernandez

21

22  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24  DATED: July 7, 2020

25

26

27  _____
United States Magistrate Judge

28

12

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, **[print or type full name]**, of **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of Case No. 5:19-CV-00877 MWF (SHKx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint **[print or type full name]** of **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

13