MARCOS D. SASSO (SBN 228905)
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
sassom@ballardspahr.com

Attorneys for Defendant
BRIDGECREST CREDIT COMPANY, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHOLINE FERNANDEZ and RONALD FERNANDEZ, on behalf of themselves and members of the general public,<br><br>     Plaintiff,<br><br> v.<br><br>BRIDGECREST CREDIT COMPANY, LLC, an Arizona limited liability company; and DOES 1 through 25, inclusive,<br><br>     Defendant. | Case No. 5:19-CV-00877 MWF (SHKx)<br><br>[Assigned to the Hon. Michael W. Fitzgerald]<br><br>**BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT** |

Defendant Bridgecrest Credit Company, LLC ("Bridgecrest"), through its undersigned counsel, submits this Amended Answer, Affirmative Defenses, and Counterclaim to the Complaint filed by Plaintiffs Antholine and Ronald Fernandez ("Plaintiffs"). To the extent Bridgecrest does not respond to all or a portion of any paragraph, Bridgecrest expressly denies the allegations contained therein.

## PRELIMINARY STATEMENT

Bridgecrest denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER TO SPECIFIC ALLEGATIONS
## OPERATIVE FACTS

1. Answering Paragraph 1, Bridgecrest states that on February 24, 2015 Plaintiffs entered into a Conditional Sale Contract and Security Agreement (the "Contract") with DriveTime Car Sales Company, LLC for the purchase of a 2008 Scion XB (the "Vehicle"). Bridgecrest states the Contract was subsequently assigned to Bridgecrest. Except as stated, denied.

2. Answering Paragraph 2, Bridgecrest admits Plaintiffs defaulted under the Contract and, thereafter, Bridgecrest exercised its contractual right to repossess the Vehicle on or about April 10, 2018. The Notices of Intention to Dispose and Our Plan to Sell the Property (the "Statutory Notices"), attached to the Complaint as Exhibit 1, are documents that speaks for themselves. Except as stated, denied.

3. Answering Paragraph 3, the allegations of Paragraph 3 purport to state legal conclusions to which no response is required. To the extent any response is required, Bridgecrest denies the allegations.

4. Answering Paragraph 4 and each subparagraph (a) through (i), denied.

5. Answering Paragraph 5, Bridgecrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, on that basis, denies the allegations contained therein.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

6. Answering Paragraph 6, Bridgecrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7, Bridgecrest admits only that it issued Calculations of Surplus of Deficiency (the "Deficiency Notices") dated May 9, 2018. The Deficiency Notices, which are attached to the Complaint as Exhibit 2, are documents that speak for themselves. The remaining allegations of Paragraph 7 purport to set forth legal conclusions to which no response is required. To the extent any further response is required, the allegations are denied.

8. Answering Paragraph 8, Exhibit 2 speaks for itself. To the extent any further response is required, the allegations are denied.

9. Answering Paragraph 9, Bridgecrest denies the allegations as stated and denies that this case is properly brought in Plaintiffs' purported capacities as private attorneys general or that Plaintiffs are entitled to public injunctive relief. Bridgecrest further states that, to the extent Plaintiffs purport to represent other Bridgecrest customers and/or seek "public injunctive relief" on behalf of other customers, the claims of such customers are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing customers' account(s) with Bridgecrest.

**PARTIES**

10. Answering Paragraph 10, Bridgecrest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations contained therein.

11. Denied. Bridgecrest is located in Phoenix, Arizona; Bridgecrest services certain automobile loans. The remaining allegations of Paragraph 11 of the Complaint are denied as stated.

12. Answering Paragraph 12, Bridgecrest is without knowledge or

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13, denied.

## FIRST CAUSE OF ACTION

**(By Plaintiffs, Individually, Against All Defendants for Violations of the Rees-Levering Act)**

14. Bridgecrest incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

15. Answering Paragraph 15, the allegations in this paragraph refer to a California statute, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. To the extent any further response is required, Bridgecrest denies the allegations contained therein.

16. Answering Paragraph 16, the allegations in this paragraph refer to a California statute, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. To the extent any further response is required, Bridgecrest denies the allegations contained therein.

17. Answering Paragraph 17, denied.

18. Answering Paragraph 18, denied.

19. Answering Paragraph 19, Bridgecrest denies that it is liable for any attorney's fees, costs, or expenses as set forth by Plaintiffs. To the extent any further response is required, denied.

## SECOND CAUSE OF ACTION

**(By Plaintiffs, Individually, Against All Defendants for Violations of the Commercial Code)**

20. Bridgecrest incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

21. Answering Paragraph 21, denied.

22. Answering Paragraph 22, denied.

23. Answering Paragraph 23, denied.

24. Answering Paragraph 24, the allegations set forth legal conclusions to which no response is required. Bridgecrest further denies that it is liable for any damages, actual or otherwise, allegedly suffered by Plaintiffs.

25. Answering Paragraph 25, denied.

26. Answering Paragraph 26, Bridgecrest denies that it is liable for any attorney's fees, costs, or expenses as set forth by Plaintiffs. To the extent any further response is required, denied.

## THIRD CAUSE OF ACTION

27. Bridgecrest incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

28. Answering Paragraph 28, the allegations in this paragraph refer to a California statute, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. To the extent any further response is required, Bridgecrest denies the allegations.

29. Answering Paragraph 29, the allegations set forth legal conclusions to which no response is required. To the extent any further response is required, Bridgecrest denies the allegations.

30. Answering Paragraph 30, the allegations in this paragraph refer to a California statute, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. To the extent any further response is required, Bridgecrest denies the allegations contained therein.

31. Answering Paragraph 31, denied.

32. Answering Paragraph 32, denied.

33. Answering Paragraph 33, denied.

34. Answering Paragraph 34, denied.

35. Answering Paragraph 35, denied. Bridgecrest denies that it violated the RFDCPA and denies that Plaintiffs were damaged by any action or inaction of Bridgecrest. Bridgecrest further denies that it is liable for any damages, actual or otherwise, allegedly suffered by Plaintiffs.

36. Answering Paragraph 36, denied. Bridgecrest denies that it willfully, knowingly, or otherwise violated the RFDCPA and denies that Plaintiffs were damaged by any action or inaction of Bridgecrest. Bridgecrest further denies that it is liable for any damages, statutory or otherwise, allegedly suffered by Plaintiffs.

37. Answering Paragraph 37, denied.

38. Answering Paragraph 38, Bridgecrest denies that it is liable for any attorney's fees, costs, or expenses as set forth by Plaintiffs. To the extent any further response is required, denied.

## FOURTH CAUSE OF ACTION

**(By Plaintiffs, Individually, Against All Defendants for Violations of the Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a))**

39. Bridgecrest incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

40. Answering Paragraph 40, denied. Bridgecrest further denies that it is liable for any damages, actual or otherwise, allegedly suffered by Plaintiffs.

41. Answering Paragraph 41, denied. Bridgecrest further denies that it is liable for any damages, actual or otherwise, allegedly suffered by Plaintiffs.

42. Answering Paragraph 42, denied. Bridgecrest further denies that it is liable for any damages, actual or otherwise, allegedly suffered by Plaintiffs.

43. Answering Paragraph 43, denied. Bridgecrest denies that it is liable for any damages, punitive or otherwise, allegedly suffered by Plaintiffs.

44. Answering Paragraph 44, Bridgecrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

5 and, on that basis, denies the allegations contained therein.

46. Answering Paragraph 45, denied. Bridgecrest further denies that it is liable for any attorney's fees, costs, or expenses as set forth by Plaintiffs.

46. Answering Paragraph 46, denied.

47. Answering Paragraph 47, Bridgecrest denies that it is liable for any attorney's fees, costs, or other expenses as set forth by Plaintiffs. To the extent any further response is required, denied.

## FIFTH CAUSE OF ACTION

**(By Plaintiff, On Behalf of Themselves And The General Public, Against All Defendants for Violations of California's Unfair Competition Law)**

48. Bridgecrest incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

49. Answering Paragraph 49, the allegations in this paragraph refer to a California statute, the text of which speaks for itself, and Plaintiffs' characterization thereof, if any, is denied. To the extent any further response is required, Bridgecrest denies the allegations contained therein.

50. Answering Paragraph 50 and each subparagraph, 50(a) through 50(l), denied. Bridgecrest further denies that Plaintiffs are entitled to any relief on their own behalf or on behalf of any other person. Bridgecrest further states that, to the extent Plaintiffs purport to represent other Bridgecrest customers and/or seek "public injunctive relief" on behalf of other customers, the claims of such customers are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing customers' account(s) with Bridgecrest.

51. Answering Paragraph 51, denied.

52. Answering Paragraph 52, denied.

53. Answering Paragraph 53, denied.

DEFENDANT BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

54. Answering Paragraph 54, denied.

55. Answering Paragraph 55, denied. Bridgecrest further denies that injunctive relief, as set forth by Plaintiffs, is appropriate. Bridgecrest further states that, to the extent Plaintiffs purport to represent other Bridgecrest customers and/or seek "public injunctive relief" on behalf of other customers, the claims of such customers are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing customers' account(s) with Bridgecrest.

56. Answering Paragraph 56, Bridgecrest denies that it is liable for any attorney's fees, costs, or other expenses as set forth by Plaintiffs. To the extent any further response is required, denied.

## PRAYER FOR RELIEF

57. Answering Prayer for Relief and each subparagraph therein, Bridgecrest denies the allegations and any implication that Plaintiffs' allegations have merit and that Plaintiff, or any other individual, is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

58. Bridgecrest admits Plaintiffs have demanded a trial by jury; however, Bridgecrest denies any implication that the allegations of the Complaint have merit and that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Bridgecrest, as separate and distinct affirmative defenses to the Complaint and all the claims alleged therein, alleges as follows on information and belief:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

59. The Complaint, and each purported claim alleged therein, fails to set

forth facts sufficient to state a claim against Bridgecrest.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

60. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

61. Plaintiffs' claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, which amount to and constitute a waiver of any right or rights Plaintiffs may or might have in relation to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

62. The Complaint is barred from recovery by the doctrine of laches because Plaintiffs knew of the purported acts or omissions and were fully aware of their rights against Bridgecrest (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Bridgecrest.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

63. To the extent that Plaintiffs have suffered any damage as a result of the matters alleged in the Complaint, which Bridgecrest denies, Plaintiffs failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Standing)

64. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiffs suffered no injury, actual damages, or

concrete and/or particularized injury-in-fact, as a result of any act or practice of Bridgecrest and, therefore, lack standing to assert a claim.

### SEVENTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

65. The Complaint is barred in whole or in part by the applicable statutes of limitations including, without limitation, California Civil Code § 340(a), California Commercial Code § 2725(1), California Business & Professions Code § 17208, California Civil Code § 1785.33, California Civil Code § 1788.30(f), and 15 U.S.C. § 1692k.

### EIGHTH AFFIRMATIVE DEFENSE
(Setoff)

66. The claims alleged by Plaintiffs are subject to a setoff and/or recoupment.

### NINTH AFFIRMATIVE DEFENSE
(Res Judicata/Collateral Estoppel)

67. The Complaint is barred to the extent Plaintiffs are members of a class action and did not properly opt out of the class. Accordingly, the Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE
(No Publication/Negligence or Malice)

68. The Complaint is barred on the grounds that Bridgecrest did not publish any false, inaccurate or defamatory information to any third-party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

### ELEVENTH AFFIRMATIVE DEFENSE
(Plaintiffs' Negligence)

69. Plaintiffs failed to exercise reasonable and ordinary care, caution or

prudence in order to avoid incurring the damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiffs were proximately caused and contributed to by the negligence of Plaintiffs, not Bridgecrest.

## TWELFTH AFFIRMATIVE DEFENSE
### (Independent/Intervening Conduct)

70. To the extent that Plaintiffs have suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Bridgecrest denies, any damage, injury, and/or harm sustained by Plaintiffs was the direct and proximate result of the independent, intervening, negligent, criminal, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Bridgecrest.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Intentional Violation)

71. The Complaint is barred, in whole or in part, to the extent Plaintiffs, based on information discovered during the exchange of information and/or documents, intentionally violated any provisions of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code sections 1788-1788.30, which precludes any claims based upon the Rosenthal Act as set forth in California Civil Code section 1788.30(g).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Adequate Legal Remedy)

72. Each claim and cause of action in the Complaint that alleges a request for injunctive and equitable relief is barred because Plaintiffs have an adequate legal remedy.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Discharge of Duty)

73. Bridgecrest alleges that it has appropriately, completely, and fully

DMEAST #42302231 v2        10
DEFENDANT BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Unintentional Violation/Bona Fide Error)

74. The claims of Plaintiffs are barred, in whole or in part, because any alleged wrongful conduct on the part of Bridgecrest, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. See e.g., Cal. Civ. Code § 1788.30(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

75. The Claims of Plaintiffs are barred, in whole or in part, to the extent Plaintiffs purport to represent other Bridgecrest customers and/or seek "public injunctive relief" on behalf of other customers. The claims of such customers are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing customers' account(s) with Bridgecrest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

76. The claims of Plaintiffs are barred, in whole or in part, because to the extent there is alleged wrongful conduct on the part of Bridgecrest, which is assumed only for the purpose of this affirmative defense, Bridgecrest asserts that it substantially complied with any requirement of any applicable law including, but not limited to, the Rees-Levering Automobile Sales Finance Act, the California Commercial Code, the Rosenthal Fair Debt Collection Practices Act, the Consumer Credit Reporting Agencies Act, and the Unfair Competition Law, and that as a result awarding any judgment to Plaintiffs would be unjust and unfair.

## NINETEENTH AFFIRMATIVE DEFENSE

(Compliance)

77. The claims of Plaintiffs are barred, in whole or in part, because Bridgecrest strictly complied with the requirements of all applicable laws including, but not limited to, the Rees-Levering Automobile Sales Finance Act, the California Commercial Code, the Rosenthal Fair Debt Collection Practices Act, the Consumer Credit Reporting Agencies Act, and the Unfair Competition Law.

## TWENTIETH AFFIRMATIVE DEFENSE

(Business Justification)

78. Plaintiffs' claims are barred, in whole or in part, because Bridgecrest's actions were implemented for the advancement of lawful and essential business purposes, consistent with industry practice, and/or taken in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reservation of Rights)

79. Bridgecrest expressly reserves the right to assert such other and further affirmative defenses as may be appropriate, based on its ongoing investigation and/or documents and information obtained from Plaintiffs.

WHEREFORE, Bridgecrest requests the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by virtue of the Complaint;

3. That judgment be entered in favor of Bridgecrest;

4. That the Court award Bridgecrest its fees, expenses and costs to the full extent permitted by law; and

5. That the Court award such other relief as is just and proper under the circumstances.

## COUNTERCLAIM

1. Bridgecrest incorporates by reference all responses to the above

paragraphs of the Complaint as though fully stated herein.

2. On or about February 24, 2015, Plaintiffs executed (i) a conditional sale contract and security agreement; and (ii) a retail purchase agreement in connection with the purchase and financing of their vehicle (the "Contract"). A copy of the Contract is attached hereto as Exhibit A.

3. Plaintiffs subsequently defaulted on their obligations under the Contract on numerous occasions by failing to make the requisite monthly payments. Plaintiffs did not thereafter cure their defaults.

4. Due to Plaintiffs' above-referenced default, on or about April 10, 2018, Bridgecrest repossessed Plaintiffs' vehicle through its agent, Eagle Adjusters, Inc., as expressly permitted by the Contract.

5. On or about April 10, 2018, Bridgecrest sent Plaintiffs Notices of Intent to Dispose and Our Plan to Sell Property (the "Notices") informing them, *inter alia*, that Bridgecrest intended to sell their vehicle at a private sale sometime after May 1, 2018. A copy of the Notices are attached hereto as Exhibit B.

6. Bridgecrest thereafter sold Plaintiffs' vehicle on or about May 4, 2018.

7. Bridgecrest sent Plaintiffs Explanations of Calculation of Surplus or Deficiency (the "Explanations") on or about May 9, 2018. A copy of the Explanations are attached hereto as Exhibit C.

8. The Explanations provided an itemization and calculation pertaining to the remaining deficiency balance owed by Plaintiffs to Bridgecrest.

9. First, the Explanations provided that, as of May 9, 2018, the aggregate amount of obligations secured by Plaintiffs' vehicle was $15,043.29.

10. Second, the Explanations provided that the proceeds of the sale of Plaintiffs' vehicle amounted to $3,032.00.

11. Third, the Explanations provided that the cost of preparing the vehicle for disposition was $80.00, and the expense associated with disposition was

$288.00.

12. Fourth, the Explanations provided that Plaintiffs were not owed any credits or rebates pertaining to their vehicle or the deficiency balance.

13. Fifth, the Explanations provided that, as a result of the sale of their vehicle, and accounting for the expenses of retaking and selling the vehicle, Plaintiffs' remaining deficiency balance owed to Bridgecrest as of May 9, 2018 was $12,379.29.

14. Plaintiffs have not made any payments toward their deficiency balance since the repossession and sale of their vehicle. Therefore, Plaintiffs are in breach of their obligations under the Contract.

15. Bridgecrest has, at all times, proceeded in a commercially reasonable manner.

16. Plaintiffs had use of their vehicle for nearly three years prior to its repossession. Plaintiffs had various opportunities to cure their defaults, but did not do so.

17. Bridgecrest properly repossessed and sold Plaintiffs' vehicle and properly calculated the deficiency balance thereon.

18. Plaintiffs owe a remaining balance of approximately $12,379.29. Bridgecrest is entitled to recover the same from Plaintiffs and, to the extent Plaintiffs are awarded any relief as requested in the Complaint or otherwise, said award should be reduced or set off by the remaining balance.

WHEREFORE, Bridgecrest respectfully requests that judgment be entered in its favor and against Plaintiffs, including any additional relief this Court deems just and reasonable.

DMEAST #42302231 v2    14

DEFENDANT BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

| | | |
|---|---|---|
| DATED: October 14, 2020 | | BALLARD SPAHR LLP |
| | | By: */s/ Marcos D. Sasso* _____<br>Marcos D. Sasso |
| | | Attorneys for Defendant<br>BRIDGECREST CREDIT COMPANY, LLC |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DMEAST #42302231 v2

15

DEFENDANT BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October 2020, I electronically filed a true and correct copy of the foregoing **DEFENDANT BRIDGECREST CREDIT COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Alexander B. Trueblood
Trueblood Law Firm
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
alec@hush.com

*Attorneys for Plaintiffs*

Brandon A. Block
Law Offices of Brandon A. Block, APC
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210
brandon@bblocklaw.com

*/s/ Marcos D. Sasso*
Marcos D. Sasso

DMEAST #42302231 v2

CERTIFICATE OF SERVICE